**UNITED STATES v. GUNN et al.**
Cr. No. 4894.

United States District Court
W. D. Arkansas, Fort Smith Division.
Oct. 14, 1950.

Louis I. Dailey, Little Rock, Ark., for the Interstate Commerce Comm.

R. S. Wilson, U. S. Atty., Fort Smith, Ark., for U. S.

Carl Creekmore, Van Buren, Ark., for defendant, Gunn.

J. S. Daily, Fort Smith, Ark., for defendant, Ozark Packing Co.

JOHN E. MILLER, District Judge.

An information containing five counts was filed on August 2, 1950, and summons was issued thereon on the same date. In response to the summons, the defendant, Clifford C. Gunn, appeared by his attorney, Honorable Carl Creekmore, on September 8, 1950, and entered a plea of nolo contendere. The defendant, Ozark Packing Company, a corporation, appeared on the same date by its attorney, Mr. J. S. Daily, and entered a plea of not guilty.

On October 11, 1950, the cause was tried to the Court upon the information and respective pleas and testimony introduced by the government and the defendant, Ozark Packing Company, a corporation.

The defendant, Clifford C. Gunn, d/b/a C. C. Gunn Produce Company of Van Buren, Arkansas, is charged with engaging in the business of a contract carrier and transporting canned vegetables by motor vehicle on public highways from Ozark and Van Buren, Arkansas, to points in the states of Georgia, Florida, Alabama and Louisiana, for compensation, without first having obtained from the Interstate Commerce Commission a permit authorizing him to perform such operations and in violation of Title 49 U.S.C.A. § 309(a).

The defendant, Ozark Packing Company, a corporation, is charged in Counts 1 to 4, both inclusive, with having knowingly and wilfully aided and abetted the defendant, Clifford C. Gunn, with respect to the illegal operations charged in those four counts, in violation of Title 18 U.S.C.A. § 2.

The defendant, Ozark Packing Company, waived in writing a jury trial, with the approval of the Court, and the counsel for the Government. Neither of the defendants have requested the Court to find the facts specially, but because of the nature of the defense made by the defendant, Ozark Packing Company, a corporation, the Court is of the opinion that findings of fact should be made and filed herein in accordance with Rule 23 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

### Findings of Fact

1

The defendant, Clifford C. Gunn, under the name of C. C. Gunn Produce Company, is engaged in the wholesale fruit and vegetable business in Van Buren, Arkansas. He operates as a grower and shipper and as a jobber. He operates trucks in connection with his business and at times has used his trucks in the transportation of canned vegetables for canners situated in Crawford and adjoining counties.

The defendant, Ozark Packing Company, is a corporation engaged in the business of canning vegetables at Ozark, Arkansas. It is a small corporation and its business

policies and methods are dictated and controlled by W. Bradley Kimbrough, President and General Manager.

2

The offense charged in Count 1 of the information arises out of the operation of the defendants under an alleged "truck lease" entered into between the defendants on October 10, 1949. The alleged "truck lease" was introduced in evidence and discloses that the defendant, Clifford C. Gunn, on that date leased to the defendant, Ozark Packing Company, for a period of one trip from Ozark, Arkansas, to Jacksonville, Florida, certain motor equipment. The lease was to expire when the canned vegetables were delivered in accordance with shipping instructions. The lease further provided that the lessor, the defendant Clifford C. Gunn, was to furnish for operation of the truck or trucks the required lubricants and fuel and also furnish one or more competent drivers.

Likewise, Counts 2, 3 and 4 are based upon the same or similar alleged "truck leases", but Count 5 is based upon a lease containing entirely different provisions and was made by the defendant, Clifford C. Gunn, with the Van Buren Canning Company. The Van Buren Canning Company is not a party defendant and no charges of any kind have been made against that Company.

3

The Government and the defendant, Ozark Packing Company, entered into a Stipulation, which provides as follows:

"1. The transportation services in interstate commerce described in Counts 1, 2, 3 and 4 of the information in this cause were rendered by Clifford C. Gunn as alleged therein, and the said Gunn was compensated for his services by credits to his account due and owing to Ozark Packing Company, in the amounts specified in Counts 1–4, inclusive. The trucks used were the property of Clifford C. Gunn and were operated by his drivers who were employed and paid by him. At all times mentioned in Counts 1–4, inclusive, of the information, insofar as is known to Ozark Packing Company, said drivers received their orders and instructions from Clifford C. Gunn.

"2. The sole issue to be determined by the Court is this cause, as to Ozark Packing Company, is whether or not it 'knowingly and wilfully' aided and abetted the said Clifford C. Gunn in any violations of Title 49, Sections 309(a) and 322(a), U.S. Code, of which the Court may decide that the said Clifford C. Gunn was guilty, during the period October 9, 1949, to November 19, 1949."

The Stipulation further provided that the Government might introduce in evidence photostatic copies of the purported leases of equipment from Clifford C. Gunn to the defendant, Ozark Packing Company.

4

As heretofore stated, the defendant, Clifford C. Gunn, when arraigned upon the information, entered a plea of nolo contendere, and the case went to trial on the plea of not guilty entered by the defendant, Ozark Packing Company.

5

The President of the defendant, Ozark Packing Company, is personally acquainted with the defendant, Clifford C. Gunn, and the defendants have had several business transactions during the last few years, but the transactions charged in the information are the only transactions of their kind between the defendants. The defendant, Ozark Packing Company, was fully advised of the nature of the regular business conducted by the defendant, Clifford C. Gunn, but the testimony does not disclose whether the defendant, Ozark Packing Company, knew that Clifford C. Gunn did not hold a permit issued by the Interstate Commerce Commission authorizing him to engage in the business of a contract carrier by motor vehicle in interstate commerce, and neither does the testimony disclose whether the Ozark Packing Company made any specific inquiry relative thereto of the defendant, Clifford C. Gunn. However, the defendant, Clifford C. Gunn, did advise the defendant, Ozark Packing Company, that the goods could be transported by him under the form of the lease which was tendered

by Clifford C. Gunn and executed by the parties. The defendant Gunn advised the President of the defendant, Ozark Packing Company, that the form of the lease was one that was used by the Arkansas Motor Freight Lines, which concern was known by both defendants to be the holder of a permit to operate as a contract carried in interstate commerce.

### 6

Prior to the date that the defendant, C. C. Gunn, contracted through the alleged leases to transport the canned vegetables for the defendant, Ozark Packing Company, a corporation, a representative of the Interstate Commerce Commission had mailed to the defendant corporation, as well as other canners in the Fort Smith area, a mimeographed letter calling the ad-dresees' attention to the fact that the Commission had information that various shippers were arranging with truckers to transport their goods in Interstate Commerce under alleged lease arrangements and that the Commission was of the opinion that such arrangements were illegal. Along with the letter a notice was inclosed of the effect of the holding of the United States District Court of Minnesota in the case of Interstate Commerce Commission v. F & F Truck Leasing Company, 78 F.Supp. 13.

Mr Kimbrough, the president of the defendant corporation, did not deny receiving the communication and notice, but stated that he did not remember having received it.

The letter and notice were duly mailed by Supervisor Partney on behalf of the Interstate Commerce Commission in a duly addressed franked envelope, which envelope was not returned.

Mr. Kimbrough did not read the leases which he entered into with the defendant, Gunn, and the charges paid Gunn for the transportation were less than the author-ized motor carriers would have charged for the same services. Mr. Kimbrough knew that authorized motor carriers had tariffs on file with the Commission pre-scribing rates for transportation that they were required to charge. All the circum-stances surrounding the operation disclose that the defendant, Ozark Packing Company, was primarily interested in having its canned vegetables transported at a rate cheaper than that which it would have been required to pay had an authorized carrier been employed to transport the merchandise. It was clearly an arrangement made between the defendants without regard to the requirements of the statutes and the regulations issued thereunder by the Interstate Commerce Commission, by which both defendants received benefits.

### 7

The compensation paid by the defendant, Ozark Packing Company, to the defendant, Clifford C. Gunn, for the transportation of the canned vegetables as charged in the information was less than the amount that would have been charged by an authorized contract carrier by motor vehicle, and the amounts were credited by the defendant, Ozark Packing Company, on an indebtedness owed by the defendant, Clifford C. Gunn, to the defendant, Ozark Packing Company.

When the defendant, Ozark Packing Company, was advised by Marion G. Ward, a representative of the Arkansas Public Service Commission, that in his opinion the arrangement with the defendant, Clifford C. Gunn, was illegal, the defendant, Ozark Packing Company, at once ceased further shipments or further deliveries to the defendant, Clifford C. Gunn, for transportation. Likewise, the defendant, Ozark Packing Company, has fully cooperated with the Investigator of the Interstate Commerce Commission and has disclosed to said Investigator all records pertinent to the shipments in question.

### Discussion

The plea of nolo contendere by the defendant, Clifford C. Gunn, is in effect a plea of guilty. Upon such a plea being entered, nothing is left but to render judgment for the obvious reason that in the face of the plea no issue of fact exists and none can be made while the plea remains of record. In other words, evidence upon the question of guilt or innocence cannot be considered as long as such plea remains

480

of record. United States **v.** Norris, 281 U.S. 619, 50 S.Ct. 424, 74 L.Ed. 1076. Therefore, the defendant, Clifford C. Gunn, is guilty of the charges contained in the information.

The plea of not guilty by the defendant, Ozark Packing Company, a corporation, brings into issue all the material allegations contained in Counts 1 to 4, inclusive. The stipulation of facts filed by the said defendant and the Government leaves only the question of whether or not the said defendant knowingly and wilfully aided and abetted the said Clifford C. Gunn in any of the violations charged in Counts 1 to 4, inclusive.

Section 322(a) of Title 49 U.S.C.A. provides: "Any person knowingly and wilfully violating any provision of this chapter or any rule, regulation, requirement, or order thereunder, or any term or condition of any certificate, permit, or license, for which a penalty is not otherwise herein provided, shall, upon conviction thereof, be fined not more than $100 for the first offense".

Section 309(a) of Title 49 U.S.C.A. provides: "No person shall engage in the business of a contract carrier by motor vehicle in interstate or foreign commerce on any public highway or within any reservation under the exclusive jurisdiction of the United States unless there is in force with respect to such carrier a permit issued by the Commission".

Section 2(a) of Title 18 U.S.C. provides: "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal."

Thus if the defendant, Ozark Packing Company, knowingly and wilfully aided and abetted the defendant, Clifford C. Gunn, to commit the offenses charged in the information, it would be guilty as a principal and punishable as such.

■ The offenses charged against the defendant, Ozark Packing Company, are misdemeanors and proof of specific criminal intent to commit such an offense is not essential, and the use of the words, knowingly and wilfully, in the statute does not require proof of such specific intent on the part of a defendant charged with an offense under the statute. These words are words of many meanings, depending upon the context in which they are used. In statutes denouncing offenses involving turpitude the use of such words usually implies an evil purpose or criminal intent but when referring to acts not in themselves wrong, the words do not usually carry any such implication. Kempe v. United States, 8 Cir., 151 F.2d 680.

■ The acts charged against the defendant, Ozark Packing Company, are crimes mala prohibita and not crimes mala in se. In other words, the acts charged against this defendant involved no moral turpitude and are crimes only because they are prohibited by the statute. Kempe v. United States, supra.

■ The defendant, Ozark Packing Company, is presumed to have a practical knowledge of the law commensurate with its duties, the non-discharge of which may constitute an offense. A sane person who commits a wrong is bound to know that the wrong is subject to penal consequences. If the wrong is malum prohibitum, it should be known by the person for it is his duty to know what the law prohibits. Otherwise, no statute of this nature could be enforced. This principle should not be confused with the principle applicable to cases involving or requiring proof of motive. Ignorance of the law may be proved and considered where the charge is one involving malice because such ignorance goes to disprove or negative malice. Likewise, in crimes where a specific intent is required, ignorance of the law may be sufficient to excuse or justify the commission of the act but, except in such cases, where it is necessary to determine the particular intent of the defendant when doing the act charged, ignorance of the law is no excuse.

■ There is no doubt that the defendant, Ozark Packing Company, intended to do what it did do. It knowingly entered into the arrangement with the defendant, Clifford C. Gunn, and to permit the defendant to escape punishment would be against the policy of the law, and the law

treats such a defendant as if he were cognizant of the effects of what he did. Accepting the testimony of Mr. Kimbrough, the President and Manager of the defendant corporation, to the effect that he was not advised of the status of his co-defendant, Clifford C. Gunn, yet this is not an excuse because his ignorance is the result, to say the least, of negligence on his part and, since the act committed is made an offense irrespective of his intention at the time, then his ignorance that the act would constitute an offense is no defense. The defendant corporation should have known the facts and, even though it may not have known all the facts, yet it is charged with the facts and its failure to know the facts is not a defense. Wharton's Criminal Evidence, Vol. I, Sections 87 and 88 (11th Ed.).

## Conclusions of Law

### 1

The Court has jurisdiction of the parties and the offenses charged.

### 2

The defendant, Clifford C. Gunn, is guilty as charged in Counts 1 to 5, inclusive.

### 3

The defendant, Ozark Packing Company, a corporation, is guilty as charged in Counts 1 to 4, inclusive.

### 4

The defendant, Clifford C. Gunn, should be required to pay a fine of $25.00 on each of Counts 1 to 5, inclusive, payable within thirty days from the date of the entry of the judgment herein.

### 5

The defendant, Ozark Packing Company, should be required to pay a fine of $25.00 on each of Counts 1 to 4, inclusive, payable within thirty days from the date of the entry of the judgment herein.

### 6

Judgment against the defendants in accordance with the above should be entered, without costs.