Roger Lee THOMAS et ux., Appellants,

v.

Waun Jeun REED, Appellee.

No. 17892.

Court of Civil Appeals of Texas, Dallas.

May 25, 1972.

Donald Yarborough, Yarborough, Yarborough & Hinds, Dallas, for appellants.

C. Edward Fowler, Jr., Bailey, Williams, Westfall & Henderson, Dallas, for appellee.

BATEMAN, Justice.

The appellants Roger Lee Thomas and wife sued for damages for personal injuries sustained when their automobile was struck from the rear by a pickup truck owned by appellee Waun Jeun Reed but operated by one Sutton. Appellants alleged that their injuries were proximately caused by the negligence of appellee in entrusting his truck to an unlicensed driver who was incompetent because of his drinking habits and whose various acts of negligence actually caused the collision. The doctrine of *respondeat superior* is not invoked. The trial court rendered summary judgment for appellee.

In Reed's own deposition and in his affidavit in support of his motion for summary judgment he says that three days before the accident he saw Sutton for the first time in more than twenty-five years; that he had known Sutton in high school. They met in a beer tavern and drank one or two beers each, and in the course of the conversation Sutton told Reed that he was engaged in doing automobile repair work at his home. Reed engaged Sutton to paint his 1949 Chevrolet pickup truck and make some minor repairs on it. Sutton drove Reed to his home in the truck and took the truck, promising to deliver it to Reed's place of business on the following Saturday afternoon. The accident occurred on that Saturday. The truck had not been painted, and Reed learned that Sutton was jailed for driving while intoxicated. Appellee swore in both his deposition and affidavit that prior to turning the truck over to Sutton he knew nothing of Sutton's drinking habits or reputation in that respect, and did not know whether he had a driver's license, and made no inquiry as to either matter. Sutton was not a party to the suit, and his testimony was not taken by deposition or affidavit. He died some time after the accident. There was no evidence as to whether he had a driver's license at the time of entrustment. Appellants presented no summary judgment evidence.

The rule announced by our Supreme Court in Mundy v. Pirie-Slaughter Motor Co., 146 Tex. 314, 206 S.W.2d 587, 591 (1947), is that in a suit wherein the plaintiff seeks to show that the defendant is guilty of negligence *per se* in entrusting his motor vehicle to an unlicensed operator in violation of Vernon's Tex.Rev.Civ.Stat. Ann. art. 6687b, sec. 36, he must prove that the owner knew that the driver did not have a license, and that mere proof, in the absence of actual knowledge, that the defendant or his agents in the exercise of reasonable care should have known that the driver did not have a license, would not show a violation of the statute. However, it was also held that the facts that the driver was unlicensed and that the defendant or his agents by the exercise of due care could have ascertained that he did not have a license may be alleged and proved for the purpose of showing that the defendant was *in fact* negligent in permitting the unlicensed driver to take and drive the vehicle. In either case the plaintiff, to establish liability must also prove that such negligence was a proximate cause of the collision.

Upon a trial of the case appellants would have the burden of proving one of the grounds of recovery alleged by them; i. e., that Sutton was unlicensed and that Reed either knew that he was unlicensed or was negligent in failing to ascertain that he was unlicensed, or that Sutton was an incompetent driver and that Reed either knew, or was negligent in failing to ascertain, that he was incompetent. McIntire v. Sellers, 311 S.W.2d 886, 892 (Tex.Civ. App., Austin 1958, writ ref'd n. r. e.).

However, on his motion for summary judgment Reed had the burden to negative both of those grounds as a matter of law. Gibbs v. General Motors Corporation, 450

S.W.2d 827 (Tex.Sup.1970). Thus, to be entitled to summary judgment Reed had the burden of establishing as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of appellants' cause of action. We hold that he has not carried this burden.

Reed's deposition and affidavit assert his lack of knowledge but do not touch upon the question of whether by exercising due care he could have ascertained whether Sutton had a driver's license, or whether he was an incompetent driver. We need not decide whether his uncorroborated statements established his lack of knowledge as a matter of law. The absence of evidence as to whether or not Sutton had a driver's license does not support the summary judgment because Reed as movant had the burden of showing as a matter of law either that Sutton had a license or that Reed was not negligent in failing to ascertain whether he had a license. Not having carried this burden, his summary judgment must be reversed.

Appellee Reed argues that his testimony established as a matter of law that at the time of the collision Sutton was not driving the truck within the scope of the permission Reed had given him. Even if we considered this to be a material issue (and we do not hold that it is) we would not be able to sustain Reed's position because, in our opinion his summary judgment evidence fails to establish as a matter of law the non-existence of an issue of fact as to whether Sutton was driving the truck outside the scope of the permission Reed had given him. In our opinion, reasonable minds could differ as to the inferences to be drawn from the evidence in this respect. The doubt thus raised must be resolved against the movant. Great American R. Ins. Co. v. San Antonio Pl. Sup. Co., 391 S.W.2d 41, 47 (Tex.Sup.1965).

Appellants' sole point of error is sustained and the judgment appealed from is reversed and the cause remanded for trial.

Reversed and remanded.