WILLIAM SOMMERVILLE & SON,
INC., Appellant,

v.

Leola CARTER et al., Appellees.

No. 1150.

Court of Civil Appeals of Texas,
Tyler.

Aug. 31, 1978.

Rehearing Denied Oct. 19, 1978.

Mike Hatchell, Ramey, Flock, Hutchins, Jeffus, McClendon & Crawford, Tyler, for appellant.

Charles M. Wilson, III of Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas, Wynne & Wynne, Wills Point, John Davenport, Asst. Atty. Gen., Austin, for appellees.

McKAY, Justice.

Appellee Leola Carter, individually and in her representative capacity, brought this suit in the Third Judicial District Court of Henderson County against appellant William Sommerville & Son, Inc., Lloyd Goins, and Doyle Ray Hundley to recover damages for the death of her husband. Appellant, a corporate resident of Dallas County, filed its plea of privilege to be sued in its county of residence. The trial court overruled the

plea of privilege and appellant has perfected this appeal.

This case arises out of the death of Findlon Carter on February 11, 1976, while working as an employee for the State Highway Department. While directing traffic on the side of the road, Carter was struck by a pickup truck. Said truck had been struck from the rear by a tractor-trailer rig driven by Doyle Hundley. The tractor trailer rig was owned by Lloyd Goins and at the time was carrying railroad crossties owned by William Sommerville & Son, Inc. Appellee alleged that Carter's death occurred as the result of negligence on the part of Sommerville & Son, Inc., Goins, and Hundley; that Hundley was the agent, servant, or employee of Goins acting in the course and scope of his employment; that Sommerville & Son, Inc., was negligent per se in violating Art. 911b, sec. 16(a), Tex. Rev.Civ.Stat.Ann., and negligent in fact by failing to ascertain that Goins had not been authorized by the Railroad Commission to engage in any hauling activity.

Appellee filed an amended controverting affidavit to the plea of privilege wherein she contended that venue was maintainable in Henderson County, Texas, by virtue of Subdivisions 9a, 23, and 29a of Art. 1995, Tex.Rev.Civ.Stat.Ann. Upon hearing of the cause, the trial court overruled the plea of privilege and Sommerville & Son, Inc., perfected this appeal. No findings of fact or conclusions of law were requested by any party and none were filed.

The general rule of venue is that a defendant must be sued in the county of his domicile. In order to defeat the defendant's plea of privilege to be sued in the domiciliary county, the burden is on the plaintiff to plead and prove by a preponderance of the competent evidence that the case comes within one of the statutory exceptions. *Compton v. Elliott*, 126 Tex. 232, 88 S.W.2d 91 (1935); *General Motors Corporation v. Courtesy Pontiac, Inc.*, 538 S.W.2d 3 (Tex.Civ.App.—Tyler 1976, no writ); *Admiral Motor Hotel of Texas, Inc. v. Community Inns of America, Inc.*, 389 S.W.2d 694 (Tex.Civ.App.—Tyler 1965, no writ). Unless the plaintiff clearly discharges his burden of proof, the defendant is entitled to have the case transferred to the county of his domicile. *Goodrich v. Superior Oil Company*, 150 Tex. 159, 237 S.W.2d 969 (1951); *Burtis v. Butler Bros.*, 148 Tex. 543, 226 S.W.2d 825 (1950); *Seldon v. Green*, 498 S.W.2d 285 (Tex.Civ.App.—Tyler 1973, no writ); *Admiral Motor Hotel of Texas, Inc. v. Community Inns of America, Inc.*, supra.

The venue facts which the plaintiff must allege and prove to defeat a plea of privilege are those stated in the particular exception of Article 1995 applicable to the cause of action as alleged. As noted, the burden is on the plaintiff to establish those venue facts by a preponderance of the competent evidence. *Wire Rope Corporation of America, Inc. v. Barner*, 446 S.W.2d 361 (Tex.Civ.App.—Tyler 1969, no writ). A prima facie case, alone, is not sufficient. *Compton v. Elliott*, supra; *Lynch v. Millican*, 304 S.W.2d 410 (Tex.Civ.App.—Waco 1957, no writ). Venue may not be established by the plaintiff on the basis of mere implication. *Burtis v. Butler Bros.*, supra; *Key v. Davis*, 554 S.W.2d 60 (Tex.Civ.App.—Amarillo 1977, no writ); *Reynolds & Huff v. White*, 378 S.W.2d 923 (Tex.Civ.App.—Tyler 1964, no writ).

Appellee contends that venue is properly placed in Henderson County, Texas, under Sub. 9a, Article 1995, Tex.Rev.Civ.Stat.Ann. The facts required to be proven to sustain venue under 9a are (1) that an act or omission of negligence occurred in the county where the suit was filed; (2) that such act or omission was that of the defendant, in person, or that of his servant, agent, or representative acting within the scope of his employment; and (3) that such negligence was a proximate cause of plaintiff's injuries. *Bledsoe v. Yarborough*, 422 S.W.2d 222 (Tex.Civ.App.—Tyler 1967, no writ); McDonald, Texas Civil Practice, Vol. 1, sec. 4.17.2, pp. 476–480. Appellee alleged

that Sommerville & Son, Inc. was negligent per se by aiding or abetting a violation of the Motor Carrier Act, sec. 16(a), Art. 911b, Tex.Rev.Civ.Stat.Ann. (1925), and was negligent in fact by virtue of its failure to know whether Goins was authorized by the Railroad Commission to transport property for hire. Appellee also alleged that Goins and Hundley were agents or employees of appellant and that said agents or employees were negligent on the occasion in question.

Appellee also relies upon Subdivision 23 of Art. 1995 to maintain venue in Henderson County. It is appellee's contention that this cause of action arose, either in whole or in part, in Henderson County. Prior to reaching the question of whether the "cause of action or part thereof" arose, we must first determine whether appellee established by a preponderance of the competent evidence that she did in fact have a cause of action against appellants. *Wire Rope Corporation of America, Inc. v. Barner,* supra. Unless there is, in fact, a cause of action, there could be no "part thereof" arising anywhere. *Admiral Motor Hotel of Texas, Inc. v. Community Inns of America, Inc.,* supra.

Appellant contends in his third point of error that there is no evidence that Goins or Hundley were agents or employees of appellant. Appellant concedes that the accident happened under circumstances which could raise an inference of negligence on Hundley's part. In reviewing this "no evidence" point, we may look only to the evidence and reasonable inferences therefrom which are favorable to the judgment of the court below. *General Motors Corporation v. Courtesy Pontiac, Inc.,* supra; *Ralston Purina Company v. Wiseman,* 467 S.W.2d 669 (Tex.Civ.App.—El Paso 1971, no writ); Calvert, "No Evidence and Insufficient Evidence Points of Error," 38 Tex.L.Rev. 361, 364 (1960).

■ An independent contractor has been defined as any person who, in the pursuit of an independent business, undertakes to do a specific piece of work for other persons, using his own means and methods, without submitting himself to their control in respect to all its details. The recognized tests to determine when one is acting in the capacity of independent contractor are (1) the independent nature of his business; (2) his obligation to furnish necessary tools, supplies and materials to perform the job; (3) his right to control the progress of the work except as to final results; (4) the time for which he is employed; (5) the method of payment, whether by the time or by the job. *Pitchfork Land and Cattle Company v. King,* 162 Tex. 331, 346 S.W.2d 598, 603 (1961); *Industrial Indemnity Exchange v. Southard,* 138 Tex. 531, 160 S.W.2d 905, 907 (1942).

It has also been said that in practically all cases the independent nature of an agreement of employment may be inferred when the party is engaged in a distinct and generally recognized employment and his stipulated remuneration is to be determined by some quantitative standard. *Dave Lehr, Inc. v. Brown,* 127 Tex. 236, 91 S.W.2d 693 (1936). Quite often, however, right of control of the details of the work is the determinative test of whether one is an employee or an independent contractor. *Anchor Casualty Company v. Hartsfield,* 390 S.W.2d 469, 471 (Tex.1965); *Newspapers, Inc. v. Love,* 380 S.W.2d 582 (Tex.1964).

■ We fail to find any evidence in the record to support a finding that Goins or Hundley were agents, servants or representatives of Sommerville & Son, Inc. Appellee relies on the testimony of Adrian Brashears, Field Superintendent for appellant, as evidence that Goins was the agent or employee. Brashears testified that he hired Goins and that Goins went to sawmills, without any instructions to do so, to pick up crossties for appellant. Goins testified that for income tax purposes he would call Sommerville & Son, Inc. at the end of the year to determine what he had been paid during the past year. Such testimony is not evidence that Goins was an employee

or agent of Sommerville & Son, Inc. Specifically, appellee failed to adduce any evidence that Sommerville & Son, Inc., or its employee Brashears, had the right of control of the details of the work. Assuming Hundley's negligence, appellee failed to meet his burden of proof that Goins or Hundley were servants, agents or representatives thereby maintaining venue in Henderson County under Subdivision 9a, Art. 1995, Tex.Rev.Civ.Stat.

■ Appellant contends in its point of error two that there is no evidence that appellant procured, aided or abetted a violation of Sec. 16(a) of Art. 911b, Tex.Rev.Civ. Stat.Ann. (1925), Sec. 16(a) provides:

".  .  .  Every officer, agent, servant or employee of any corporation and every other person who  .  .  .  *procures, aids or abets* in the violation of any provision of this Act  .  .  .  shall be guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not less than Twenty-five Dollars ($25.00), nor more than Two Hundred Dollars ($200.00), and the violations occurring on each day shall constitute a separate offense." [Emphasis added.]

Appellant argues that one alleged to be an aider and abettor (1) must have knowledge of the illegality alleged plus criminal intent to violate; and (2) must actively or affirmatively encourage the principal actor in the violation, as opposed to merely consenting to it. We agree. It is undisputed that Goins failed to possess authority from the Texas Railroad Commission allowing him to transport crossties for hire over the public highways of Texas which failure was a violation of the Motor Carrier Act, Art. 911b, Tex.Rev.Civ.Stat.Ann.

■ Appellee cites several cases for the proposition that knowledge and intent and encouragement are not required for appellant to be found guilty of negligence per se. See *Mason Feed Store v. Starks*, 398 S.W.2d 392 (Tex.Civ.App.—Austin 1966, writ dism'd); *United States v. Lowther*

*Trucking Co.*, 229 F.Supp. 812 (N.D.Ala. 1964); *United States v. J & J Truck Leasing, Inc.*, 258 F.Supp. 105 (D. Kansas 1966); *United States v. Gunn*, 97 F.Supp. 476 (W.D.Ark.1950). The rule announced in *Gunn* and *J & J Truck Leasing* that no culpable mental state was required for the violator of the statute involved was not followed by the 9th Circuit in *United States v. Hays Roofing and Supply, Inc.*, 490 F.2d 1190, 1193 (9th Cir. 1974). In Texas any violation of a penal statute requires a culpable mental state. Tex.Penal Code Ann. sec. 6.02. The provision at issue here, sec. 16(a) of Art. 911b, V.T.C.S., is a penal one, and therefore, an intentional, knowing, or reckless mental state is required. With the exception of *Mason*, we find no decision from a court in this State construing the phrase "procures, aids, or abets" as it appears in sec. 16(a) of Art. 911b. Nevertheless we are constrained not to follow that decision.

In that case, Mason Feed Store executed a grain handler's agreement with the U.S. Department of Agriculture Commodity Credit Corporation (CCC) under which it was to receive grain from the CCC, store it and issue it on purchase orders. Mason Feed Store had two trucks and a Railroad Commission carrier permit to haul grain and made successive oral agreements to haul the grain from Brownwood to the store in Mason, Texas. Pursuant to one of these hauling agreements, Mason Feed Store made an agreement with Homer Briley, Jr. to haul grain, paying him ten cents per hundred pounds. Neither Homer Briley nor his brother W. J. Briley had a Railroad Commission permit authorizing either of them to carry the grain. Pursuant to his brother's agreement with Mason Feed Store to haul grain, and under the latter's agreement with the CCC, W. J. Briley picked up a load of grain and while en route to his destination struck a truck killing the driver of the truck.

The court held that by procuring Homer Briley and through him, W. J. Briley to

carry a load of CCC grain from Brownwood to Mason for the Mason Feed Store, neither of whom had a Railroad Commission permit, Mason Feed Store procured, aided and abetted in the violation of Art. 911b, within the meaning of Art. 1690b, V.A.T.S. (now Sec. 16(a), Art. 911b), and therefore was guilty of negligence per se. The court cited *Mundy v. Pirie-Slaughter Motor Company*, 146 Tex. 314, 206 S.W.2d 587 (1947) as authority for this holding.

Upon consideration of the Supreme Court's decision in *Mundy*, we do not believe it to be authority for the court's holding in *Mason*. Although the Supreme Court dealt with a different statute and a different set of facts, we do believe the decision is helpful to our disposition of the case at bar.

In *Mundy*, a minor employee of the defendant Pirie-Slaughter Motor Co. was driving an automobile owned by the defendant and while negligently operating the vehicle injured the plaintiff. However, there was no evidence that the employee was in the course and scope of his employment. The minor employee did not have a driver's license. In that case, the plaintiff contended that the defendant was negligent in that defendant's agents permitted the minor employee to take and drive the automobile when they knew or in the exercise of reasonable care should have known that said employee (1) was an incompetent and reckless driver and (2) that he did not have a driver's license. The statute under which it was alleged that defendant was negligent was Art. 6687b, Sec. 36, V.A.C.S.

Section 36 made it unlawful for any person *knowingly* to permit a motor vehicle owned by him or under his control to be driven by any person not licensed or otherwise authorized under the statute to operate a motor vehicle. The court stated: "We do not think . . . that the mere proof, in the absence of actual knowledge, that the defendant's agents in the exercise of reasonable care should have known that [the employee] did not have a license would

show a violation of the statute." *Mundy v. Pirie-Slaughter Motor Co.*, supra, 206 S.W.2d at p. 590.

■ Although *Mundy* was a negligent entrustment case we believe the Supreme Court's statement to be applicable to the facts before us. The only proof before us is that Sommerville & Son, Inc. did not know that Goins did not have Railroad Commission authorization, and did not ask if he did. Therefore, we find there was no evidence that defendant procured, aided or abetted a violation of Sec. 16(a), Art. 911b. Accordingly, appellant's point of error two is sustained.

In its point of error one, appellant contends that appellee failed to prove by a preponderance of the evidence that appellant committed an act of negligence in Henderson County which was the proximate cause of the accident in which Findlon Carter lost his life. We agree.

Appellee alleged that appellant knew, or in the exercise of ordinary care, should have known that Goins was not legally authorized to haul the crossties and that the failure to ascertain Goins' status was negligence proximately causing the death of Findlon Carter. Appellees rely on *Mason Feed Stores* and *Mundy* to support their theory of recovery. Under the facts before us, and upon consideration of the authorities cited to us, we find no basis for imposing such a duty upon Sommerville & Son, Inc.

■ Art. 911b, Tex.Rev.Civ.Stat.Ann., sec. 6(c), provides that no permit shall "be granted if the Commission shall be of the opinion that the proposed operation of any such . . . carrier will impair the efficient public service of any authorized common carrier or common carriers then adequately serving the same territory." We do not believe that such language imposes a duty upon one hiring a motor carrier to inquire as to whether such carrier has a permit to operate on the highways of this State. Accordingly, we hold that Sommerville & Son, Inc. owed no duty to appellee to

inquire as to whether Goins had a Railroad Commission permit. Appellant's point of error one is sustained.

*Thomas v. Reed*, 483 S.W.2d 61, 62 (Tex. Civ.App.—Dallas 1972, no writ), *McIntire v. Sellers*, 311 S.W.2d 886 (Tex.Civ.App.—Austin 1958, writ ref'd n. r. e.), and *Spratling v. Butler*, 150 Tex. 369, 240 S.W.2d 1016 (1951), cited and relied upon by appellees, are, like *Mundy*, cases of negligent entrustment of a motor vehicle to another. We believe they are distinguishable from the instant case.

Assuming that appellant owed a duty to inquire as to whether Goins had a permit and that the failure to inquire was negligence, we would reach the same result based on appellee's failure to prove by a preponderance of the evidence that such failure was a proximate cause of Findlon Carter's death.

In *East Texas Theatres, Inc. v. Rutledge*, 453 S.W.2d 466 (Tex.1970), the Supreme Court stated, at page 468:

". . . Just as we said in *Baumler v. Hazelwood* [162 Tex. 361, 347 S.W.2d 560] and later in *Texas & Pacific Railroad Co. v. McCleery*, 418 S.W.2d 494 (Tex.Sup. 1967), it is well settled that proximate cause includes two essential elements: (1) there must be cause in fact—a cause which produces an event and without which the event would not have occurred; and (2) foreseeability. See also *Hopson v. Gulf Oil Corp.*, 150 Tex. 1, 237 S.W.2d 352 (1951). 'An essential element of the plaintiff's cause of action for negligence is that there be some reasonable connection between the act or omission of the defendant and the damage which the plaintiff has suffered.' Prosser, Law of Torts (3rd Ed.) 240–241, 'Causation', 41 (1964)."

The court also recognized that cause in fact covers one's omissions as well as his acts.

The record in this case clearly shows a complete lack of proof that Hundley would not have negligently operated Goins' truck "but for" the failure of Sommerville & Son, Inc. to inquire as to Goins' status with the Railroad Commission. A finding of proximate cause cannot be sustained unless there is proof of cause in fact and foreseeability. *Enloe v. Barfield*, 422 S.W.2d 905 (Tex.1967). Neither cause in fact nor foreseeability has been proven by appellee.

In view of our discussion of appellant's points of error, we hold that appellee failed to prove by a preponderance of the competent evidence the necessary facts under either subdivision 9a or 23 of Art. 1995.

Appellee also contended that venue could be maintained in Henderson County under Subdivision 29a of Art. 1995, which reads as follows:

"29a. Two or more defendants.—Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

We believe appellee's contention is without merit.

The general rule is that where, under the exceptions contained in Article 1995, a suit is properly maintainable against one defendant in a county other than the county of his residence, and the plaintiff therein joins another as defendant and seeks to sustain venue as to him under Section 29a, such other defendant is a necessary party within the meaning of Section 29a if the complete relief to which plaintiff is entitled under the facts of the case as against the defendant properly suable in that county can be obtained only in a suit to which both defendants are parties. Alexander, C. J., in *Union Bus Lines v. Byrd*, 142 Tex. 257, 177 S.W.2d 774, 775 (1944), citing

*Pioneer Building & Loan Ass'n v. Gray,* 132 Tex. 509, 125 S.W.2d 284 (1939); and *Tarrant v. Walker,* 140 Tex. 249, 166 S.W.2d 900 (1942). There was no evidence to establish joint responsibility, and appellee was under the burden of proving that no effectual decree could be rendered between her and Goins and Hundley without joining appellant. *Ladner v. Reliance Corp.,* 156 Tex. 158, 293 S.W.2d 758, 764 (1956); *Loop Cold Storage Co. v. South Texas Packers, Inc.,* 491 S.W.2d 106 (Tex.1973). Appellee failed to carry this burden.

In view of our disposition of appellant's first three points of error, we need not address the fourth point of error attacking the order overruling its plea of privilege because there was factually insufficient evidence to support a finding of negligence per se or negligence in fact.

The order overruling appellant Sommerville & Son, Inc.'s plea of privilege is reversed, and judgment is here rendered sustaining the plea of privilege and ordering the case against it transferred to one of the district courts of Dallas County, Texas.