Leola CARTER et al., Petitioners,

v.

**WILLIAM SOMMERVILLE AND SON, INC., et al., Respondents.**

No. B–8049.

Supreme Court of Texas.

June 27, 1979.

Rehearing Denied July 25, 1979.

Carter, Jones, Magee, Rudberg, Moss & Mayes, Charles M. Wilson, III, Dallas, for petitioners.

Ramey, Flock, Hutchins, Grainger & Jeffus, Mike A. Hatchell, Tyler, for respondents.

SAM D. JOHNSON, Justice.

This is a venue appeal in a wrongful death action involving primarily the issue of negligence per se. Leola Carter, plaintiff below and petitioner here, brought a wrongful death action in Henderson County against three parties: William Sommerville & Son, Inc., defendant below and respondent here, Lloyd Goins, and Doyle Ray Hundley. Sommerville filed a plea of privilege to be sued in its county of residence, Dallas County. The trial court overruled the plea of privilege. The court of civil appeals reversed and rendered judgment ordering that the case be transferred to Dallas County. 571 S.W.2d 953. We affirm the judgment of the court of civil appeals, but for a reason different from that expressed by that court.

This suit arises out of the death of Findlon Carter, an employee of the state highway department and husband of Leola Carter, plaintiff herein. On February 11, 1976 Findlon Carter was working as a flagman with a highway construction crew on State Highway 19, just south of the city of Athens, Henderson County, Texas. He was struck and killed by a pickup truck, which in turn had been struck from behind by a tractor-trailer rig driven by defendant Hundley. Hundley was an employee of defendant Goins. Goins had been employed by defendant William Sommerville & Son, Inc. to haul railroad crossties from Somerville, Texas to Paris, Texas.

Mrs. Carter filed this suit in the third district court, Henderson County. Sommerville filed a plea of privilege to be sued in Dallas County, its county of residence. In response thereto, Carter filed an amended controverting affidavit, arguing that venue was properly located where the accidental death occurred, in Henderson County, by virtue of Subdivisions 9a, 23, and 29a of Article 1995, Texas Revised Civil Statutes Annotated. After a hearing the trial court overruled the plea of privilege. No findings of fact and conclusions of law were filed.

On appeal from an order overruling a plea of privilege, every reasonable intendment must be resolved in favor of the trial court judgment. *James v. Drye,* 159 Tex. 321, 320 S.W.2d 319 (1959). Further, when no findings of fact and conclusions of law are filed, the trial court judgment implies all necessary fact-findings in support of its judgment. In reviewing the record to determine if there is any evidence supporting the judgment and its implied findings, it is proper to consider only the evidence favorable to the issue and to disregard all evidence or inferences to the contrary. *Goodyear Tire & Rubber Co. v. Jefferson Const.,* 565 S.W.2d 916 (Tex.1978).

The court of civil appeals held that there was no evidence to support venue in Henderson County under any of the exceptions relied upon by Carter. We agree with the court's discussion of Subdivisions 23 and 29a and, therefore, will limit our discussion to Subdivision 9a.

The venue facts necessary for a plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of the defendant's residence under Subdivision 9a are:

(1) an act or omission of negligence occurred in the county where suit was filed;

(2) such act or omission was that of defendant in person, or that of his servant, agent or representative acting within the scope of his employment; and

(3) such negligence was a proximate cause of plaintiff's injuries.[1]

Carter alleged three theories of liability under this subdivision: negligence in fact, negligence per se, and *respondeat superior.* The court of civil appeals correctly held there was no evidence of either negligence in fact or a master-servant relationship between Sommerville and Goins (and through him, Hundley). We direct our attention only to the negligence per se holding.

Under the Texas Motor Carrier Act, defendants Goins and Hundley were required to have a permit or certificate of convenience and necessity issued from the Railroad Commission in order to operate commercially over the highways of this state between two or more incorporated cities. Tex.Rev.Civ.Stat.Ann. art. 911b, §§ 1(b), 3. Failure to comply with this requirement is a misdemeanor. Tex.Rev.Civ.Stat.Ann. art. 911i. Both Hundley, the driver of the tractor trailer, and his employer, Goins, were aware of this requirement yet neither of them had such a certificate. The record herein reflects that Goins would often lie to police officers in order to hide his illegal conduct; *i. e.*, his failure to have the required certificate.

Section 16(a) of the Act declares that any person or corporation who "procures, aids or abets in the violation of any provision of this Act" is guilty of a misdemeanor punishable by fine.[2] Section 16(b) creates a civil penalty, enforceable by the Attorney General, for the same offense.[3] Carter argues that Sommerville procured, aided or abetted in the violation of the Act by hiring Goins (and through him, Hundley), who was illegally operating without the required certificate. Consequently, Carter argues, by violating Section 16(a), a criminal statute, Sommerville was negligent per se and should be liable for the damages caused by Hundley.

The court of civil appeals held that the act of hiring alone was insufficient to establish a violation of Section 16(a). The court held instead that knowledge and intent were necessary elements of the "aiding and abetting" crime:

"Appellant [Sommerville] argues that one alleged to be an aider and abettor (1) must have knowledge of the illegality alleged plus criminal intent to violate; and (2) must actively or affirmatively encourage the principal actor in the violation, as opposed to merely consenting to it. We agree." 571 S.W.2d 953 at 957.

Having determined that there was no evidence that Sommerville "knowingly" procured, aided or abetted in Goins' and Hundley's violations of the Act, the court of civil appeals held that Sommerville was not neg-

---

1. This suit was filed before the 1977 amendments to Subdivision 9a became effective. 1977 Tex.Sess.Law Serv., ch. 322, § 1, at 856.

2. "Every officer, agent, servant or employee of any corporation and every other person who violates or fails to comply with or procures, aids or abets in the violation of any provision of this Act or who violates or fails to obey, observe or comply with any lawful order, decision, rule or regulation, direction, demand, or requirement of the Commission shall be guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not less than Twenty-five Dollars ($25.00), nor more than Two Hundred Dollars ($200.00), and the violations occurring on each day shall each constitute a separate offense." Tex.Rev.Civ.Stat. Ann. art. 911b, § 16(a).

3. "Every officer, agent, servant or employee of any corporation and every other person who violates or fails to comply with or procures, aids of abets in the violation of any provision of this Act or who violates or fails to obey, observe or comply with any lawful order, decision, rule or regulation, direction, demand or requirement of the Commission shall in addition be subject to and shall pay a penalty not exceeding One Hundred Dollars ($100.00), for each and every day of such violation. Such penalty shall be recovered in any Court of competent jurisdiction in the county in which the violation occurs. Suit for such penalty or penalties shall be instituted and conducted by the Attorney General of the State of Texas, or by the County or District Attorney in the county in which the violation occurs, in the name of the State of Texas." Tex.Rev.Civ.Stat.Ann. art. 911b, § 16(b).

ligent per se. This holding conflicts with a prior holding by another court of civil appeals, *Mason Feed Store v. Starks*, 398 S.W.2d 392 (Tex.Civ.App.—Austin 1966, writ dism'd). It was on this ground that we granted the application for writ of error in the instant case. Tex.Rev.Civ.Stat.Ann. arts. 1821(5), 1728(2); *State v. Wynn*, 157 Tex. 200, 301 S.W.2d 76 (1957).

 Negligence per se is a tort concept whereby a legislatively imposed standard of conduct is adopted by the civil courts as defining the conduct of a reasonably prudent person. *Moughon v. Wolf*, 576 S.W.2d 603 (Tex.1978). In such a case the jury is not asked to judge whether or not the defendant acted as a reasonably prudent person would have acted under the same or similar circumstances; the statute itself states what a reasonably prudent person would have done. If excuse is not raised (and it is not in this case), the only inquiry for the jury is whether or not the defendant violated the statute and, if so, whether this was a proximate cause of the accident. The court of civil appeals in the instant case did not hesitate to adopt the "procures, aids or abets" standard of conduct created by Section 16(a) as the appropriate standard of care in a civil case; the court merely held that Sommerville did not violate this legislative standard of conduct. We feel constrained, however, to examine the threshold issue of whether or not Section 16(a) appropriately defines the conduct of a reasonably prudent person.

 It is well-established that the mere fact that the Legislature adopts a criminal statute does not mean this court must accept it as a standard for civil liability. *Howsley v. Gilliam*, 517 S.W.2d 531 (Tex.1975); *Parrott v. Garcia*, 436 S.W.2d 897 (Tex.1969); *Rudes v. Gottschalk*, 159 Tex. 552, 324 S.W.2d 201 (1959); *East Texas Motor Freight Lines v. Loftis*, 148 Tex. 242, 223 S.W.2d 613 (1949). It may generally be stated that the courts will not adopt a statute as a standard for negligence unless one of the purposes of the statute is to protect the class of persons to which the injured party belongs from the hazard involved in the particular case. *Parrott v. Garcia, supra; East Texas Motor Freight Lines v. Loftis, supra; Worsham Buick Co. v. Isaacs*, 121 Tex. 587, 51 S.W.2d 277 (1932); *Missouri, K. & T. Ry. Co. of Texas v. Saunders*, 101 Tex. 255, 106 S.W. 321 (1908); Restatement (Second) of Torts §§ 286–88.

The easiest type of negligence per se case is that one involving a traffic regulation. Courts have held that it is negligence per se to drive on the wrong side of the road, *L. M. B. Corporation v. Gurecky*, 501 S.W.2d 300 (Tex.1973), fail to stop at a railroad crossing when a train is approaching, *Southern Pacific Company v. Castro*, 493 S.W.2d 491 (Tex.1973), attempt to pass a vehicle when nearing an intersection, *Impson v. Structural Metals, Inc.*, 487 S.W.2d 694 (Tex.1972), or knowingly permit an unlicensed individual to drive a car, *Mundy v. Pirie-Slaughter Motor Co.*, 146 Tex. 314, 206 S.W.2d 587 (1947). *See* 1 Baylor L.Rev. 75 (1948). Other examples of statutes or ordinances that have been judicially adopted for purposes of imposing civil liability include legislation regulating clearance heights of bridges and other structures crossing railroad tracks, *Missouri Pac. R. Co. v. American Statesman*, 552 S.W.2d 99 (Tex.1977), prohibiting participation in drag races, *Parrott v. Garcia, supra*, regulating the placement of telephone poles, *Alpine Telephone Corporation v. McCall*, 143 Tex. 335, 184 S.W.2d 830 (1944), and punishing railroad coach conductors who knowingly refuse to remove certain passengers from railroad cars, *Texas & P. Ry. Co. v. Baker*, 215 S.W. 556 (Tex.Com.App.—1919, holding approved).

 As is readily apparent, in each of the examples listed above the statute clearly defines the prohibited conduct. It is therefore relatively easy for the courts to analyze the statute, determine the class of persons it seeks to protect, define the protected interest of that class, and isolate the particular hazards covered by the statute. In

contrast to these examples stands Section 16(a) of the Motor Carrier Act. It punishes anyone who "procures, aids or abets" in *any* violation of the Act. It is only by first finding a violation of some other section of the Act that the court may then find a violation of Section 16(a). Conversely, by applying a per se concept to Section 16(a), an individual could be subjected to broad and wide-ranging liability. It is our conclusion that this section of the statute, applicable to one who "procures, aids or abets" in the violation of another section of the Act, is too far removed to be adopted as a standard defining the conduct of a reasonably prudent person.

 As noted above, the power of adopting or rejecting legislative standards rests with the civil courts. We may accept or reject the criminal statute or use such part thereof as may be deemed appropriate for our purposes. *Rudes v. Gottschalk, supra,* at 204–05. Section 16(a) is not an appropriate vehicle for the imposition of civil liability through negligence per se. The only legal consequences of its violation should be the criminal fines prescribed in Section 16(a) and the civil penalties levied in Section 16(b).[4] There have been only two negligence per se cases involving Section 16(a): *Mason Feed Store v. Starks, supra,* and the instant case. These opinions, from two different courts of civil appeals, both held that an unexcused violation of Section 16(a) constitutes negligence per se. The courts disagreed, however, as to the elements of knowledge required to prove a violation of Section 16(a). To the extent that these cases conflict with our decision today, such language and holdings are disapproved.

4. In this connection, the Attorney General has filed an amicus curiae brief in support of petitioner Carter's application for writ of error. The Attorney General expresses concern that his efforts to enforce the Motor Carrier Act through Section 16(a)'s misdemeanor fines and Section 16(b)'s civil penalties will be "hampered tremendously, if not completely stymied," if the court of civil appeals opinion requiring actual knowledge, criminal intent, and active or affirmative encouragement is al-

The court of civil appeals, in the case at bar, held that while an unexcused violation of Section 16(a) would constitute negligence per se, there was no evidence in the record showing that Sommerville violated the statute. It is the holding of this court that a violation of Section 16(a) does not constitute negligence per se. Therefore, we reach the same result as the court of civil appeals, but for a different reason.

The judgment of the court of civil appeals is affirmed.

lowed to stand. Because of the manner in which we dispose of this case, there is no need to reach this question. Suffice it to say, however, that our opinion should not be read as approving the court of civil appeals writing on this point, nor should that portion of the court of civil appeals opinion relating thereto carry any great precedential weight when the issue is raised in the context suggested by the Attorney General.