STATE of Texas

v.

HOUDAILLE INDUSTRIES, INC., dba Houdaille-Duval-Wright.

No. B2647.

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 3, 1981.

Rehearing Denied June 24, 1981.

Mark White, Atty. Gen., Richard E. Gray, III, Exec. Asst. Atty. Gen., R. Lambeth Townsend, Asst. Atty. Gen., José Manuel Rangel, Asst. Atty. Gen., John W. Fainter, First Asst. Atty. Gen., James R. Meyers, Asst. Chief Atty. Gen., Austin, for appellant.

Robert A. Rowland, III, Houston, for appellee.

Before COULSON, MILLER and MURPHY, JJ.

COULSON, Justice.

This is an appeal by appellant, the State of Texas, from a summary judgment rendered in favor of appellee, Houdaille Industries, Inc. The State of Texas had sued Houdaille Industries under the Texas Motor Carrier Act. We affirm.

Appellee is a domestic corporation which manufactures concrete slabs for use in the construction industry. Appellee routinely employs motor vehicle common carriers to ship its products around the state. One such carrier hired by appellee was G. L. Strother, dba L & L Trucking Co. L & L Trucking Co. transported goods for appellee

on approximately sixty-six days. The Department of Public Safety discovered that L & L Trucking Co. did not have a certificate of public convenience and necessity or a permit from the Texas Railroad Commission, as required by art. 911b. Tex.Rev.Civ. Stat.Ann. art. 911b § 3 (Vernon 1964). An officer of the Department contacted appellee and appellee made all of its records of transactions with L & L Trucking Co. available to the Department. The State of Texas filed suit against L & L Trucking Co. pursuant to art. 911b § 16(b). An agreed judgment was entered on February 20, 1979, assessing a $3,500.00 penalty against the company.

On September 4, 1979, the State of Texas filed its original petition against appellee, alleging that appellee did procure, aid or abet L & L Trucking Co. in violating the statute by paying them to act as a motor carrier. The State sought a penalty against appellee of $100.00 per day for each day of the alleged violation by appellee. Appellee filed a motion for summary judgment which was granted by the trial court.

Appellant's sole point of error to this court is that the district court erred in requiring knowledge and intent as elements in a suit under art. 911b § 16. It is appellant's position before this court that art. 911b is a strict liability statute and that a showing of knowledge and intent is not required for one to procure, aid or abet another in violating the statute.

The relevant part of art. 911b provides that any person who procures, aids or abets in the violation of any provision of the Act is guilty of a misdemeanor punishable by a fine. Tex.Rev.Civ.Stat.Ann. art. 911b § 16(a) (Vernon Supp. 1980–1981). Section 16(b) provides that the same offense makes one subject to a penalty, enforceable by the Attorney General of the State of Texas. Tex.Rev.Civ.Stat.Ann. art. 911b § 16(b) (Vernon Supp. 1980–1981). The Court of Civil Appeals has reviewed § 16(a) of art. 911b and has held that § 16(a) is a penal provision and therefore an intentional, knowing or reckless mental state is required. *William Somerville & Son, Inc. v.*

*Carter,* 571 S.W.2d 953 (Tex.Civ.App.—Tyler), aff'd, 584 S.W.2d 274 (Tex.1979). In the appeal of the case, the Texas Supreme Court was only concerned with whether § 16(a) of the statute defined a standard of conduct of a reasonably prudent person. *Id.* The Court held that § 16(a) is not an appropriate vehicle for the imposition of civil liability through negligence per se. *Id.* In a footnote, the Court stated that there was no need to reach the question of whether actual knowledge was required by § 16(a) and § 16(b). *Id.* at 279. The court further stated that the opinion should not be read as approving the Court of Civil Appeals opinion on this point, nor should that portion of the Court of Civil Appeals opinion carry any precedential value. *Id.*

The State of Texas proceeded against appellee under § 16(b) to art. 911b, attempting to collect a penalty as provided by that section of $100.00 a day for each day of violation. In answers to appellee's interrogatories, appellant stated that it was not alleging that appellee had knowledge that L & L Trucking Co. was violating, or intended to violate, the provisions of art. 911b. We believe that knowledge or criminal intent must have been alleged and proved by the State before liability under § 16(b) could be imposed. Since the legislature did not specifically define "procures, aids or abets," we will consider the ordinary meaning of those words. Black's Law Dictionary defines "procure" as "to initiate a proceeding; to cause a thing to be done; to instigate; to contrive, bring about, effect, or cause." "Aid and abet" is defined as to "help, assist, or facilitate the commission of a crime, promote the accomplishment thereof, help in advancing or bringing it about, or encourage, counsel, or incite as to its commission." It necessarily follows from these definitions that one must have knowledge of a crime or an offense if he is to instigate, assist, or facilitate its commission. In construing statutes, the courts must make such interpretations as the words of the law in their plain sense fairly sanction and will clearly sustain. *Railroad Commission of Texas v. Miller,* 434 S.W.2d 670

(Tex.1968). Appellant's point of error is overruled.

■ The imposition of liability without fault in this case would force each user of a motor carrier or contract carrier to be an enforcer of art. 911b. We do not think this was the intent of the legislature in enacting the statute. The statute specifically imposes on the Railroad Commission the duty to supervise and regulate the transportation of property for compensation or hire by motor vehicle on any public highway in this State. Tex.Rev.Civ.Stat.Ann. art. 911b § 4(a) (Vernon 1964). The responsibility for enforcing the requirement that a carrier obtain a certificate of public convenience and necessity or a permit lies with the Railroad Commission and not with the user of the carrier.

More significantly, there are public policy reasons for not imposing liability without fault on appellee. Appellee fully cooperated with the State in what appellee believed was an investigation of L & L Trucking Co. After appellee opened its records to the State, the State informed appellee that it was subject to a penalty for "aiding and abetting" L & L Trucking Co. Appellee was given no warning that the documents it provided the State could be used against appellee. If such conduct by the State were condoned, citizens would justifiably close their doors to State officials. The State had a duty to inform appellee that the records appellee provided the State could be used against appellee in a court of law.

Affirmed.