**Bill MILLING, Appellant,**

v.

**C.H. RITCHEY, Appellee.**

**No. 9207.**

Court of Appeals of Texas, Texarkana.

Dec. 6, 1983.

Rehearing Denied Jan. 17, 1984.

Writ of Error Pending Feb. 29, 1984.

Jim Mattox, Atty. Gen., Eva King Loutzenhiser, Asst. Atty. Gen., Austin, for appellant.

David W. Holmes, Paris, for appellee.

BLEIL, Justice.

Bill Milling appeals the trial court's judgment in overruling his plea of privilege.

C.H. Ritchey brought suit against Milling, a game warden, for damages incurred by Milling's conversion of fishing nets. Ritchey contends that Milling was not acting in his official capacity at the time of the conversion and sued him in his individual capacity in the county of Milling's residence. Milling filed his plea of privilege asserting that his acts were under the guise of State authority thereby making this a suit against the State requiring transfer of the cause to Travis County, the State's residence for venue purposes. Milling contends that the trial court erred in not finding that this suit is one against the State and that the constructive county of Milling's residence is Travis County.

When no findings of fact or conclusions of law are filed we presume that the trial court found all facts necessary to support its judgment and we affirm if there is any legal theory sufficiently raised in the evidence in support of the judgment. *Davis v. Huey,* 571 S.W.2d 859 (Tex.1978). And, the trial court judgment implies all necessary fact findings in support of its judgment. In reviewing the record to determine whether any evidence supports the judgment and the implied findings, we consider only the favorable evidence adn disregard all evidence or inferences to the contrary. *Carter v. William Sommerville and Son, Inc.,* 584 S.W.2d 274 (Tex.1979).

We presume that the trial court found that Milling was not acting in his official capacity and therefore the suit should not be moved to Travis County. We find evidence to support the order overruling the plea of privilege.

We affirm.