Affirmed and Plurality, Concurring, and Dissenting Opinions filed March
22, 2005









Affirmed and Plurality, Concurring, and Dissenting Opinions
filed March 22, 2005.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00680-CV

_______________

 

JIMMIE REINICKE,
INDIVIDUALLY AND AS LEGAL REPRESENTATIVE 

OF THE ESTATES OF KAREN REINICKE, DECEASED, 

MAX L. REINICKE, DECEASED, AND DERRICK A. REINICKE,
DECEASED, Appellants

 

V.

 

AEROGROUND,
INC., Appellee

_________________________________________________________

 

On Appeal from the Probate Court No 2

Harris County, Texas

Trial Court Cause No. 308,512‑401

_________________________________________________________

 

P L U R A L I T Y  
O P I N I O N

 








In
this wrongful death and survival action, Jimmie Reinicke, individually and as
legal representative of the Estates of Karen, Max, and Derrick  Reinicke (collectively, AReinicke@) appeals a judgment notwithstanding
the verdict (AJNOV@) in favor of Aeroground, Inc. (AAeroground@) on the grounds that the trial court
erred in: (1) entering the JNOV because there was legally sufficient evidence
to support the jury=s verdict; and (2) excluding from evidence (i) a
post-accident drug test for marijuana and valium of Aeroground=s truck driver and (ii) the opinions
of Texas Department of Public Safety (ADPS@) accident reconstructionists.  We affirm.

Background

In
this particularly tragic case, Reinicke=s wife, Karen, and their two sons,
Max and Derrick, were killed by a fire resulting from a highway traffic
collision (the Aaccident@).  Reinicke brought
this wrongful death and survival action against Aeroground (and others who are
not parties to this appeal).  At trial,
the jury apportioned 50% of the negligence to Aeroground and awarded Reinicke
damages totaling $23.25 million. 
However, the trial court ultimately concluded that there was no evidence
that any negligence by Aeroground was a proximate cause of the accident,
granted Aeroground=s motion for JNOV, and entered a take-nothing judgment.

JNOV

Reinicke=s first issue contends that the trial
court erred in granting the JNOV because there was legally sufficient evidence
that Aeroground=s negligence proximately caused the accident.

Standard of Review

A
trial court may grant a JNOV if there is no evidence to support one or more of
the jury findings on issues necessary to liability.  Tiller v. McLure, 121 S.W.3d 709, 713 (Tex. 2003).  To determine whether there is no evidence to
support a jury verdict (and thus uphold the JNOV), we view the evidence in a
light that supports the challenged finding and disregard all evidence and
inferences to the contrary.  Id.  If more than a scintilla of evidence supports
the finding, the jury=s verdict must be upheld. 
Wal-Mart Stores, Inc. v. Miller, 102 S.W.3d 706, 709 (Tex. 2003).








More
than a scintilla of evidence exists when the evidence enables reasonable minds
to differ in their conclusions.  See
Tarrant Reg=l Water Dist. v. Gragg, 151 S.W.3d 546, 552 (Tex. 2004).  Conversely, evidence that creates only a mere
surmise or suspicion is no more than a scintilla and, thus, no evidence.  Ford Motor Co. v. Ridgway, 135 S.W.3d
598, 601 (Tex. 2004).  Similarly, an
inference that is stacked only upon other inferences, rather than direct
evidence, is not legally sufficient evidence.  See Marathon Corp. v. Pitzner, 106 S.W.3d
724, 728 (Tex. 2003).

Overview of Negligence Grounds

In
this case, an Aeroground 18-wheel tractor-trailer rig driven by Randy Peavy ran
out of fuel while heading eastbound on Highway 290 and was parked on the
shoulder, out of the lane of traffic. 
Peavy notified Aeroground, and it sent another driver, David Rodriguez,
with another tractor with which to pull Peavy=s tractor away from the trailer and
then pull the trailer to Aeroground=s yard.  After the first tractor had been moved away
from the trailer, but before the second tractor was connected to it, Karen=s van drifted off the roadway,
collided with the rear corner of the parked trailer, went back onto the
roadway, collided with both a Murco 18-wheel rig and the concrete wall dividing
the highway, then caught on fire. 
Reinicke contends that the accident was caused by Aeroground=s negligence in the following
respects: (1) Peavy allowed his rig to run out of fuel during rush hour on a
busy highway, causing it to be placed in a dangerous position on the shoulder;
(2) Peavy failed to put out emergency warning triangles to alert oncoming
traffic that his rig was disabled and not moving; and (3) Rodriguez, an
untrained driver who had a history of backing incidents, had backed the second
tractor into the roadway in the path of Karen=s van immediately before the
collision.

Negligence in Placing the Rig on the
Shoulder








A
person who creates a dangerous condition on premises, including a public
highway, can be liable for injuries it causes even though he is not in formal
control of the premises at the time of the injury.[1]  However, in this case, the charge submitted
to the jury (the Acharge@) contained only the elements pertaining to a negligent
activity theory of recovery and not the additional elements required for a
finding of liability under the independent theory of a defective condition of
premises.  See generally Comm. on Pattern Jury Charges, State Bar of
Tex., Texas Pattern Jury Charges B
Malpractice, Premises & Products PJC 65.1 (2003).[2]  Therefore, the charge will support a recovery
for an injury that was a contemporaneous result of an activity actually going
on at the time of the injury, but not an injury resulting from a condition that
was previously created by an activity.[3]

Reinicke=s first alleged ground of negligence,
causing the trailer to be placed in a dangerous position along the highway,
occurred while driving and parking the rig. That activity had ended when the
tractor ran out of gas, well before the accident occurred.  Therefore, to whatever extent Aeroground=s negligence in running out of gas
and positioning the rig on the shoulder created a dangerous condition, the
negligent activity charge submitted in this case will not support a finding of
liability for common law negligence or premise liability for failing to: (1)
exercise reasonable care in putting the trailer there; (2) warn of that
condition; or (3) make it reasonably safe.[4]








Statutory Duty to Warn

Despite
that a premise defect theory was not submitted to the jury, the charge would
support liability for Reinicke=s second alleged ground of negligence, the failure to put out
emergency warning triangles, because an independent duty to warn was imposed by
statute, and the charge contained a negligence per se instruction that Athe law requires the placement of
emergency warning devices behind a disabled commercial motor vehicle within 10
minutes of becoming disabled.@[5]








A
negligence per se theory requires a showing of proximate cause just as
does an ordinary negligence theory. See Mo. Pac. R.R. Co. v. Am. Statesman,
552 S.W.2d 99, 103 (Tex. 1977).  In this
case, the charge defined Aproximate cause@ as a cause that Aproduces an event, and without which
. . . [it] would not have occurred.@ 
In this regard, the vital distinction is whether the negligent act: (1)
set in motion a natural and unbroken chain of events that led directly to the
injury;[6]
or (2) merely furnished a condition that made it possible for the injury to
instead result from a separate act of negligence.  IHS Cedars Treatment Ctr. v. Mason,
143 S.W.3d 794, 799 (Tex. 2003).  Similarly, if the
evidence shows only a mere possibility that the plaintiff=s injuries arose from the defendant=s negligence, or if it shows more
than one equally probable cause, for any of which the defendant was not
responsible, then the evidence is legally insufficient to support a finding of
causation.  See Hart v. Van Zandt,
399 S.W.2d 791, 792-93 (Tex. 1965). 
Although a finding of
cause-in-fact may be based on either direct or circumstantial evidence, it
cannot be supported by mere conjecture, guess, or speculation.  Marathon Corp. v. Pitzner, 106 S.W.3d 724, 727 (Tex. 2003).  Therefore, the causation evidence must show
that the injury would not have occurred if the negligence had not occurred.[7]








In
this case, it is undisputed that the rig was parked on the shoulder of the
highway, out of the traveled lane of traffic, and that the accident occurred
during daylight hours under dry weather conditions and clear visibility.  Had Karen=s van remained in the roadway, as
would ordinarily be expected of a driver in the exercise of reasonable care in
such driving conditions, there is no evidence that any mishap would have
occurred.  Conversely, there is no
evidence that the mere presence of the rig on the shoulder or the absence of
warning triangles could have itself reasonably compelled a driver who was maintaining
a safe distance, speed, lookout, and the like to leave the roadway.  Nor is there any evidence that any movement
of Karen=s van before, or while, drifting out
of the lane of traffic toward the trailer on the shoulder was sudden or
accompanied by any application of her brakes or abrupt steering change.[8]  Under these circumstances, the cause of the
accident was whatever other event or condition caused the van to leave the
roadway in the first place.  Regardless
whether that event or condition was an external factor or physical incapacity
that was beyond Karen=s control, or some other occurrence that was within her
control, there is no evidence that the presence of warning triangles would have
changed its effect in any way, let alone prevented the accident.  Therefore, although putting out emergency
warning triangles would unquestionably have been better than not doing so, any
conclusion that the accident would not have occurred if they had been used
would be wholly speculative.  There is
thus no evidence that the failure to put out warning triangles was a cause of
the accident.[9]

Backing the Second Tractor into the
Roadway

Regarding
Reinicke=s third alleged ground of negligence,
backing the second tractor into the roadway in Karen=s path, it is undisputed that
Rodriguez would have had to back his tractor up to the trailer to connect to it
and that doing so would have required his tractor to move partway into the
outside lane of traffic.  However, there
is no direct evidence that Rodriguez ever actually progressed to the point of
backing his tractor into the roadway. 
Although the Murco truck driver, who was traveling ahead of Karen=s van, applied his brakes and moved
to an inner lane as he approached the Aeroground rig, these actions would have
been prudent just by reason of the rig being on the shoulder, and thus do not
support an inference that there was a tractor in the roadway that precipitated
them.  Similarly, although there was
evidence that Rodriguez was in a hurry to return the trailer to the Aeroground
yard, this fact is also not probative of whether he had actually backed his
tractor onto the roadway when the accident occurred. As noted above, there is
no evidence that any movement of Karen=s van before, or while, drifting out
of the lane of traffic toward the trailer on the shoulder was sudden or
accompanied by any application of her brakes or abrupt steering change.








Because
the evidence shows no more than a mere possibility that the accident could have
been caused by Rodriguez backing his tractor into the roadway, and at least an
equal probability that the van left the roadway for other possible reasons, any
conclusion regarding causation can be reached only by speculation or stacking
inferences.  See Marathon, 106
S.W.3d at 729-30.  Under these
circumstances, there is no evidence that the accident was caused by Aeroground=s negligence, and Reinicke=s first issue is overruled.

Exclusion of Expert Opinion Testimony

Reinicke=s third issue challenges the trial
court=s exclusion of the opinion testimony
of two DPS accident reconstructionists, Manning and Davis, that Aeroground
caused the wreck. Expert opinion testimony that is conclusory or speculative is
legally insufficient to prove the stated conclusion.  See Coastal Transp. Co. v. Crown
Cent. Petroleum Corp., 136 S.W.3d 227, 232-33 (Tex. 2004).  Therefore, to constitute some evidence, an
expert opinion must be supported by facts in evidence[10]
such that there is not too great an analytical gap between the data and the
opinion offered.  Kerr-McGee Corp. v.
Helton, 133 S.W.3d 245, 254 (Tex. 2004).








In
this case, the facts that Manning and Davis relied upon included: (1) the
respective locations of the various vehicles after the accident; (2) the
location and length of skid marks from the Murco rig relative to the locations
of the trailer and tractors, the calculated location at which Karen=s van collided with the Murco rig
after hitting the trailer, and the points at which the van struck the concrete
wall dividing the highway; and (3) various other matters occurring after the
collision of Karen=s van with the trailer. 
However, we can find no portion of the record at which either expert
explained how (i.e., the sequence of logical steps by which) a
conclusion can be drawn from these facts regarding what caused Karen=s van to veer off the road in the
first place.  Nor is it apparent, without
such an explanation, how any such conclusion logically follows from the body of
data they relied upon.  Under these
circumstances, the expert opinions were conclusory and/or speculative and would
not have constituted evidence to support a finding that Aeroground=s negligence caused the
accident.  Therefore, Reinicke=s third issue is overruled.

Because
Reinicke=s issues do not show any evidence to
support the finding of causation against Aeroground, they fail to demonstrate
error in granting the JNOV, and we need not address Aeroground=s cross-points.  Accordingly, the judgment of the trial court
is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Plurality, Concurring, and Dissenting Opinions filed March 22, 2005.

Panel consists of Justices Fowler, Edelman, and
Seymore.  (Fowler, J., concurring.)  (Seymore, J., dissenting.)  

 

 

 











[1]           City
of Denton v. Page, 701 S.W.2d 831, 835 (Tex. 1986); Strakos v. Gehring,
360 S.W.2d 787, 795-96 (Tex. 1962) (recognizing that the law places upon a
person who creates a dangerous condition on a public highway a duty to warn of
the condition); see Lefmark Mgmt. Co. v. Old, 946 S.W.2d 52, 54 (Tex.
1997); Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 912 (Tex. 1997).





[2]           In
addition to the ordinary negligence elements of failure to use
ordinary/reasonable care, proximate cause, and damage, premise defect elements
include: (1) the existence of a condition that posed an unreasonable risk of
harm; and (2) actual or constructive knowledge of the condition by the
defendant. See Keetch v. Kroger, 845 S.W.2d 262, 264 (Tex. 1992).  Because negligence and premise defect are
independent theories of recovery, these additional elements cannot be deemed
found where they have not been submitted in the jury charge.  Clayton W. Williams, Jr., Inc. v.
Olivo, 952 S.W.2d 523, 529 (Tex. 1997).





[3]           See
Timberwalk Apartments, Partners, Inc. v. Cain, 972 S.W.2d 749, 753 (Tex.
1998); Clayton W. Williams, 952 S.W.2d at 529; Keetch, 845 S.W.2d
at 264.





[4]           See
Clayton W. Williams, 952 S.W.2d at 527, 529-30 (holding that a jury finding
on negligent activity would not support a recovery for injury resulting from
thread protectors left on the ground); Keetch, 845 S.W.2d at 264
(holding that a negligent activity theory would not support liability for a
slippery condition previously created by spraying).

 

Based on the comment to Pattern Jury Charge
instruction 65.2, the dissent contends that a negligent activity charge was
sufficient to support liability against Aeroground in this regard because the
additional Corbin elements apply only as against a possessor, owner, or
occupier of land.  The dissent thereby
infers from this PJC comment that a different and lesser standard of care
applies to defendants who create dangerous conditions on property they do not
own than applies to defendants who own or control the premises on which
dangerous conditions exist.

 

This
contention ignores the fundamental principle that negligence and premise defect
are independent theories of recovery, rather than mere standards of care within
a single theory that could differ among classes of defendants.  In addition, it is refuted in that even a
trespasser can be subject to liability for a condition he creates on land only
if the Corbin elements are present, i.e., the condition poses an
unreasonable risk of harm to others and the trespasser should recognize it as
such.  See Restatement (Second) of Torts ' 381
(1965).  Therefore, reading the comments
to PJC 65.1 and 65.2 together, it is apparent that the PJC 65.2 instruction
applies to the negligent activities of parties other than owners and occupiers
who do not create the dangerous condition on the premises but whose concurrent
negligent activity is also a cause of the injury for purposes of determining
proportionate responsibility. However, as a practical matter, the lack of a
premise defect submission in the charge had no actual effect on the outcome of
the case because of the independent statutory duty to warn, discussed in the
following section.





[5]           Unlike
a premise defect theory, a negligence per
se theory considers whether there is an unexcused violation of a statute
without regard to other considerations bearing on the reasonableness of the
defendant=s conduct, such as whether there is an unreasonably
dangerous condition or the defendant=s
awareness of it.  See, e.g., Carter v.
William Sommerville & Son, Inc., 584 S.W.2d 274, 278 (Tex. 1979). 





[6]           See
Hart v. Van Zandt, 399 S.W.2d 791, 793 (Tex. 1965).





[7]           See
Excel Corp. v. Apodaca, 81 S.W.3d 817, 821-22 (Tex. 2002) (holding evidence
legally insufficient to prove that injury was caused by unsafe work practices
where it failed to show that the injury would not have occurred if different
practices had been followed); Southwest Key Program, Inc. v. Gil-Perez,
81 S.W.3d 269, 274-75 (Tex. 2002) (holding evidence legally insufficient to
prove that injury was caused by the lack of protective gear where it failed to
show that injury would not have occurred if protective gear had been worn).





[8]           Thus,
contrary to the dissent, there is no evidence to support an inference that
Karen was startled by a sudden perceived danger.





[9]           Reinicke’s
second issue challenges the exclusion of drug test evidence pertaining to Peavy’s
alleged negligence in creating the dangerous condition and/or failing to warn
of it.  Because of our conclusions that
the charge does not support liability with regard to the condition, and there
is no evidence of causation, we need not otherwise address the second issue.





[10]          Marathon,
106 S.W.3d at 729.