**Reverse and Render and Opinion Filed July 3, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00372-CV

**AVPM CORP. D/B/A STONELEIGH PLACE, Appellant**
**V.**
**TRACY L. CHILDERS AND MARY RUTH TROUT, Appellees**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-00556**

## MEMORANDUM OPINION

Before Justices Francis, Brown, and Stoddart
Opinion by Justice Francis

AVPM Corp. d/b/a Stoneleigh Place appeals a judgment rendered against it following a jury trial. AVPM brings five issues generally contending the jury's answers to several questions are not supported by legally sufficient evidence and the trial court abused its discretion in admitting certain evidence. For the reasons that follow, we reverse the trial court's judgment and render judgment that Tracy L. Childers and Mary Ruth Trout take nothing by their claims.

This suit arises out of a criminal assault that occurred in Childers's apartment at Stoneleigh Place in Garland, Texas. Childers moved into the apartment in February 2014. At that time, she conducted an inspection during which she noted problems with the latches on one of the living room windows. The latch on the left side of the window would only partially engage and the one on the right side would not engage at all.

After receiving Childers's inspection report, AVPM maintenance personnel entered Childers's apartment while she was at work and attached thumb screws to the window as additional security. The workers left a work order in the apartment confirming the repairs and Candida Contreras, an AVPM employee, left Childers a voicemail informing her the work had been done. Childers made no further complaints about the window.

Several months later, on June 22, a man entered Childers apartment through the living room window and sexually assaulted Childers and Trout. The intruder, Jared Alan Wade, was later arrested and pleaded guilty to the crime. Wade stated he entered the apartment through an unlocked window. Childers and Trout contend the window was not properly repaired which allowed Wade to force his way in.

Childers filed suit, later joined by Trout, alleging claims against AVPM and Contreras for negligence and premises defect. The case was tried to a jury. The court's charge instructed the jury on Texas law requiring exterior windows be equipped with a latch and requiring a landlord to repair or replace a security device on request or notification by a tenant that the device is inoperable or in need of repair. The charge did not state that a violation of the law constituted negligence. Instead, the charge instructed the jury that negligence meant a failure to use the degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

The jury found AVPM, Childers, and Wade all engaged in negligent conduct that proximately caused the occurrence. Responsibility was assessed at 40% for AVPM, 10% for Childers, and 50% for Wade. Contreras was not submitted as a potentially responsible party. Appellees were awarded compensatory damages, interest, and costs.

AVPM filed a motion for judgment notwithstanding the verdict asserting, among other things, it was entitled to judgment as a matter of law because no evidence was presented at trial to show the foreseeability of third-party criminal acts and, therefore, there was no evidence to

establish duty or proximate cause. Appellees responded that AVPM owed them a legal duty by virtue of the Texas statutes requiring functional window latches and violation of the statutes was negligence per se. Appellees further argued "foreseeability is contemplated" by the statute requiring landlords to repair or replace security devices because the statute is "designed to protect lessees and their guests from intruders." Following a hearing, the trial court denied AVPM's motion for JNOV. AVPM then brought this appeal.

In its first issue, AVPM argues the trial court erred in denying its motion for JNOV because the evidence is legally insufficient to support the jury's finding that AVPM breached a duty owed to appellees or that any such breach proximately caused the damages they suffered. In reviewing the legal sufficiency of the evidence, including a ruling on a motion for JNOV, we consider all the evidence before the jury, crediting evidence in support of the verdict if reasonable jurors could, and disregarding evidence contrary to the verdict unless reasonable jurors could not. *See Am. Eurocopter Corp. v. CJ Sys. Aviation Grp.*, 407 S.W.3d 274, 281 (Tex. App.—Dallas 2013, pet. denied). If there is more than a scintilla of evidence to support the finding, the evidence is legally sufficient. *Id*. When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, amounts to no evidence. *Id*.

In a premises liability case, the plaintiff must establish a duty owed to the plaintiff, breach of that duty, and damages proximately caused by the breach. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010). Generally, a premises owner has no duty to protect invitees, such as tenants, from criminal acts by third parties. *See Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 756 (Tex. 1998). But there is an exception when the owner knows or has reason to know of a risk of harm to invitees that is both unreasonable *and* foreseeable. *Id*.

AVPM contends appellees failed to present legally sufficient evidence of foreseeability to establish either a duty or proximate cause. Appellees respond that AVPM's duty in this case was established by statute. They rely on section 92.153 of the Texas Property Code which requires exterior windows on a dwelling be equipped with an operable window latch without the necessity of a tenant request. TEX. PROP. CODE ANN. § 92.153 (West 2014). They argue AVPM violated this statute and the violation constituted negligence per se.

Negligence per se is a tort concept whereby a legislatively imposed standard of conduct is adopted by the civil courts as defining the conduct of a reasonably prudent person. *Carter v. William Sommerville & Son, Inc.*, 584 S.W.2d 274, 278 (Tex. 1979). Even if we were to accept appellees' contention that section 92.153 establishes a duty for which civil liability may be imposed, appellees did not submit their case to the jury under a negligence per se theory of liability.

In a negligence per se case, the jury is not asked to determine if the defendant acted as a reasonably prudent person would have acted under the same or similar circumstances. *Id.* Instead, the statute itself provides what a reasonably prudent person would have done. *See Durham v. Zarcades*, 270 S.W.3d 708, 718 (Tex. App.—Fort Worth 2008, no pet.). Unless an excuse for the statutory violation is offered, the jury decides only whether the statute was violated and, if so, whether the violation was a proximate cause of the injury. *See Thomas v. Uzoka*, 290 S.W.3d 437, 445 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). Here, the jury was not asked to determine whether AVPM violated the statute, but instead only if it exercised ordinary prudence. Although the jury was instructed on the statute's requirements regarding window latches, the charge did not require the jury to find AVPM failed to use ordinary prudence if it found a statutory violation.

More importantly, even under a negligence per se theory of liability, appellees were still required to show that AVPM's conduct was a proximate cause of their damages which includes

presenting evidence of foreseeability. *See Durham*, 270 S.W.3d at 718–19. Proximate cause has two components: cause-in-fact and foreseeability. *Id*. at 719. These elements cannot be established by mere conjecture, guess, or speculation. *See W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005). If appellees failed to present legally sufficient evidence of foreseeability, this is dispositive of their claims regardless of whether their theory of liability was negligence or negligence per se. *See Durham*, 270 S.W.3d at 720; *Garza v. Sancen*, No. 05-15-00666-CV, 2016 WL 1469345, *2 (Tex. App.—Dallas Apr. 14, 2016, pet. denied) (mem. op.).

Foreseeability requires only the general danger, not the exact sequence of events that produced the harm, be foreseeable. *See Timberwalk*, 972 S.W.2d at 756. When the "general danger" is the risk of injury from criminal activity, the evidence must reveal specific previous crimes on or near the premises to establish foreseeability. *Id*. The supreme court has recognized that "crime is increasingly random and violent and may occur anywhere" and has rejected the imposition of a general duty on landlords to protect tenants whenever crime might occur. *See Del Lago Partners*, 307 S.W.3d at 768. When the premises owner has no direct knowledge that criminal conduct is imminent, which appellees have not alleged, the plaintiff must present evidence showing past criminal conduct made similar conduct in the future foreseeable. *See id*. Whether past incidents of criminal conduct make future incidents foreseeable depends upon factors such as proximity, recency, frequency, similarity, and publicity. *Id*. These factors are known as the *Timberwalk* factors. *See Timberwalk*, 972 S.W.2d at 759.

The record in this case shows, and counsel for appellees conceded during oral argument, that appellees presented no evidence at trial of any recent criminal conduct in the area of Stoneleigh Place similar to the incident in question. Appellees make several arguments that such evidence was unnecessary. First, they argue the *Timberwalk* factors apply only to establish duty, not proximate cause. They contend because duty was established by statute in this case, the

*Timberwalk* factors are irrelevant. Again, even assuming AVPM's duty was established by statute, appellees' argument is unavailing.

Although the court in *Timberwalk* discussed evidence of previous crimes in connection with establishing a duty, the analysis of foreseeability is the same for both duty and proximate cause. *See Del Lago*, 307 S.W.3d at 774. Even if duty is established by statute, a defendant's conduct cannot be the proximate cause of the plaintiff's injuries unless the injuries were foreseeable. The foreseeability of injuries resulting from third-party criminal conduct is established through evidence of specific previous crimes on or near the premises. *See Timberwalk*, 972 S.W.2d at 756.

In a substantially similar case to the one presented here, the court in *Durham v. Zarcades* analyzed the *Timberwalk* factors in connection with the defendants' failure to ensure an apartment door was equipped with a keyless bolting device – another requirement of section 92.153. *See Durham*, 270 S.W.3d at 719–20. The plaintiffs sued some prior owners of their apartment complex for negligence, premises liability, negligence per se, and negligent conduct after they were held hostage and sexually assaulted in their apartment. *Id*. at 711. The court concluded that, even under a negligence per se theory of liability, the plaintiffs' claims failed because there was no evidence to show the defendants could have foreseen that type of criminal conduct would occur and, therefore, there was no evidence of proximate cause. *Id*. The same is true here.

Appellees next argue that, by enacting the statute, "the legislature has already determined that injuries are a foreseeable consequence of violating the statute." In making this argument, appellees attempt to conflate duty and proximate cause. Although a statute may create a legal duty, a jury is not compelled to conclude a statutory violation was the proximate cause of the damages claimed. *See Thomas*, 290 S.W.3d at 445. The requirement that a dwelling be equipped with certain security devices, including a functional window latch, is not evidence that AVPM

should have foreseen the attack on appellees. *See Garza*, 2016 WL 1469345 at *3 (ordinance requiring owners to keep dogs restrained not evidence that attack by unrestrained dog was foreseeable). To conclude otherwise would make every landlord a general insurer of its tenants' safety from criminal acts. Such a result is not dictated by the language of the statute and is specifically what *Timberwalk* sought to avoid. *See Timberwalk*, 972 S.W.2d at 756–57; *Durham*, 270 S.W.3d at 719–20.

Appellees additionally argue it would be improper to overturn the jury's verdict based on the absence of *Timberwalk* evidence because the jury was not provided with a definition of proximate cause that included the *Timberwalk* factors. Appellees cite no authority that such a definition was required, and we decline to create the requirement here. *Timberwalk* does not create elements upon which specific findings must be made. It merely provides guidance on the type of evidence that is relevant to establish foreseeability of third-party criminal conduct.

The jury in this case was instructed that, "to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the occurrence, or some similar occurrence, might reasonably result therefrom." This instruction is appropriate for cases that require *Timberwalk* evidence. *See Dickinson Arms–REO, L.P. v. Campbell*, 4 S.W.3d 333, 337 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). *Timberwalk* does not change the inquiry to the jury. The decision means without evidence of specific previous crimes, a finding of foreseeability is inherently, and improperly, based on conjecture, guess, or speculation.

Finally, appellees contend foreseeability is uniquely a fact issue for the jury and should only be set aside under the most exceptional circumstances. *See Defterios v. Dallas Bayou Bend, Ltd.*, 350 S.W.3d 659, 665 (Tex. App.—Dallas 2011, pet. denied). We agree. But the complete absence of evidence to show foreseeability in a negligence case is the type of exceptional

circumstance requiring the verdict be overturned. *See Timberwalk*, 972 S.W.2d at 758 (no evidence of previous crimes negates foreseeability element); *see also City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005) (JNOV appropriate when there is complete absence of a vital fact).

We conclude the trial court erred in denying the motion for JNOV and we resolve AVPM's first issue in its favor. We do not address AVPM's remaining issues. We reverse the trial court's judgment and render judgment that Childers and Trout take nothing by their claims.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

170372F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

AVPM CORP D/B/A STONLEIGH
PLACE, Appellant

No. 05-17-00372-CV      V.

TRACY L. CHILDERS AND MARY
RUTH TROUT, Appellees

On Appeal from the 101st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-15-00556.
Opinion delivered by Justice Francis.
Justices Brown and Stoddart participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**REVERSED** and judgment is **RENDERED** that:
TRACY L. CHILDERS and MARY RUTH TROUT take nothing by their claims.

It is **ORDERED** that appellant AVPM CORP D/B/A STONLEIGH PLACE recover its
costs of this appeal from appellees TRACY L. CHILDERS and MARY RUTH TROUT.

Judgment entered July 3, 2018.