# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LPS USA, INC.,                          )
                                        )
        Plaintiff,                      )
                                        )
            v.                          )      C.A. No. N16C-01-031 CLS
                                        )
BLOCK 142 HOUSTON, L.P.,                )
                                        )
        Defendant.                      )


Date Submitted: March 17, 2016
Date Decided: June 17, 2016


On Defendant Block 142 Houston, L.P.'s Motion to Dismiss
For Improper Venue Pursuant to Rule 12(b)(3). **DENIED**.


## ORDER


John M. Seaman, Esquire, April M. Ferraro, Esquire, Abrams & Bayliss LLP, Wilmington, Delaware, Attorneys for Plaintiff.

Todd C. Schiltz, Esquire, Ryan T. Costa, Esquire, Drinker Biddle & Reath LLP, Wilmington, Delaware, Attorneys for Defendant.


**SCOTT, J.**

On this 17th day of June, 2016, and upon Defendant's, Block 142 Houston L.P.'s ("Block 142"), Motion to Dismiss for improper venue pursuant to Superior Court Civil Rule 12(b)(3), it appears to the Court that:

1. This action involves the lease to certain property occupied by a parking facility located in Harris County, Texas ("the Premises"). In its complaint for declaratory judgment filed on January 6, 2016, Plaintiff, LPS USA, Inc. ("LPS") contends that it owes nothing further under the lease and subsequent lease amendment ("the Lease") that purportedly conveyed a leasehold interest in the Premises from Block 142 to LPS and required LPS to operate the parking facility such that a certain portion of the parking revenues would be paid to Block 142 as rent.

2. LPS is a Georgia corporation having its principal place of business in Atlanta, Georgia.

3. Block 142 is a Delaware limited partnership.

4. On February 16, 2016, Block 142 moved to dismiss LPS's complaint for improper venue pursuant to Superior Court Civil Rule 12(b)(3), arguing that, because the Lease entered into by the Parties expressly provides that it is to be construed and enforced in accordance with Texas law and existing laws form a part of a contract unless expressly provided otherwise, the Lease includes, what Block 142 terms as, the forum selection clause embodied in

§ 15.0115 of the Texas Civil Practice and Remedies Code. Therefore, this Court should respect the Parties' contractual designation and give effect to the terms of their private agreement to resolve disputes arising thereunder in the designated forum.

5. In response, LPS does not dispute the fact that the Lease expressly provides that it is to be construed and enforced in accordance with Texas law, arguing instead that it properly brought its suit in Delaware, because Delaware courts have implied a venue term in consent to jurisdiction provisions involving Delaware limited partnerships. Further, the Lease does not include a forum selection clause, because § 15.0115 is a Texas procedural statute that neither applies in Delaware nor can be used to imply a forum selection clause in the Lease. Therefore, as the Plaintiff, LPS's choice of forum should not be disturbed.

6. In determining a motion to dismiss for improper venue, the Court may consider extrinsic evidence from the outset, and may grant dismissal before the commencement of discovery on the basis of affidavits and documentary evidence in the record.[1] It is well-settled in Delaware that "[t]he Court should give effect to the terms of private agreements to resolve disputes in a

---

[1] *Loveman v. Nusmile, Inc.*, 2009 WL 847655, *2 (Del. Super. Mar. 31, 2009); *see Troy Corp. v. Schoon*, 2007 WL 949441, at *2 (Del. Ch. Mar. 26, 2007) (In considering a motion to dismiss for improper venue, the Court "is not shackled to the plaintiff's complaint [and] is permitted to consider extrinsic evidence from the outset.").

3

designated judicial forum out of respect for the parties' contractual designation."[2] In other words, "where contracting parties have expressly agreed upon a legally enforceable forum selection clause, a court should honor the parties' contract and enforce the clause."[3] In order for a forum selection clause to be binding, the "parties must use express language clearly indicating the forum selection clause excludes all other courts before which those parties could otherwise properly bring an action."[4]

7.     By way of background—and not because Block 142 raised the issue of conflicts of law—the general rule in Delaware is that its courts will apply their own procedural rules to all cases brought therein, even those where foreign substantive law applies to the underlying claims.[5] An exception arises only where "the burden of proof is so inseparably interwoven with substantive rights as to render a modification of the foregoing rule necessary, lest a party be deprived of his legal rights."[6]

---

[2] *Id.* (citation omitted); *see Elia Corp. v. Paul N. Howard Co.*, 391 A.2d 214, 216 (Del. Super. 1978) (citing *M/S Bremen v. Zapata Off Shore Co.*, 407 U.S. 1 (1972) ("[E]ven though venue is proper where suit is filed and a court of competent jurisdiction exists, that court should decline to proceed with the cause when the parties have freely agreed that litigation shall be conducted in another forum and where such agreement is not unreasonable at the time of litigation.").

[3] *Ingres Corp. v. CA, Inc.*, 8 A.3d 1143, 1145 (Del. 2010).

[4] *Eisenbud v. Omnitech*, 1996 WL 162245, at *1 (Del. Ch. Mar. 21, 1996) (citing *Brastor Mercantile Ltd. v. Centr. Citrus S/A*, 1989 WL 70971, at *5 (Del. Super. June 6, 1989)); *see Loveman*, 2009 WL 847655, at *2 ("If a forum selection clause validly limits a plaintiff to a single forum, that clause operates to divest a court that otherwise has jurisdiction of its status as a proper venue for plaintiff to sue.").

[5] *Monsanto Co. v. Aetna Cas. & Sur. Co.*, 1994 WL 317557, at *4 (Del. Super. Apr. 15, 1994).

[6] *Connell v. Del. Aircraft Indus.*, 55 A.2d 637, 640 (Del. 1947).

8.	Both Parties direct the Court to § 23.3 of the Lease, which in its entirety states, "This Lease shall be construed and enforced in accordance with the laws of the state of Texas."[7]

9.	Further, both Parties agree that the Lease contemplates real property located in Harris County, Texas.

10.	Section 15.0115(a) of the Texas Civil Practice and Remedies Code states that "[e]xcept as provided by another statute prescribing mandatory venue, a suit between a landlord and a tenant arising under a lease shall be brought in the county in which all or part of the real property is located."[8]

11.	Block 142's reliance on the general principle in contract law that existing laws form a part of a contract[9] to support its contention that § 15.0115 of the Texas Civil Practice and Remedies Code was incorporated into the Lease terms is inapposite, because § 15.0115 is, according to Block 142, a forum selection clause that requires any suit between the Parties be brought in the county in which the real property is located, and does not

---

[7] Compl. Exh. A at § 23.3.

[8] Tex. Civ. Prac. & Rem. Code. Ann. § 15.0115(a) (2015).

[9] In this regard, it does not escape the Court's notice that, on the one hand, Block 142 states that Texas law governs the Lease, and then, on the other, asks this Court to interpret the Lease using a principle of contract law as applied by Delaware courts. This may be, as they say, a distinction without a difference; however, as it was not briefed, it is not properly before this Court. *See M3 Healthcare Solutions v. Family Practice Assocs., P.A.*, 966 A.2d 1279, 1284 (Del. 2010) ("Under Delaware law, a party's failure to raise a legal issue in the text of an opening brief constitutes a waiver of that claim in the matter under submission to the court."); *In re Asbestos Litig. (Lagrone)*, 2007 WL 2410879, at *4 (Del. Super. Aug. 27, 2007) ("Moving parties must provide adequate factual and legal support for their positions in their moving papers in order to put the opposing parties and the court on notice of the issues to be decided.").

"purport[] to impose a requirement or a restriction on a *subject matter* which is directly involved in [the Lease]."[10]  Therefore, § 15.0115 is not impliedly part of or a term of the Lease.[11]

12.     Furthermore, LPS's assertion that this Court should apply its own procedural rules as distinct from the substantive law of Texas is correct, as Block 142 has neither argued nor demonstrated—and, in fact, arguably admits just the opposite—that § 15.0115 is substantive in nature and ought to be applied in this Court.[12]

13.     Because Block 142 has neither argued any alternative grounds to support its argument that an enforceable forum selection clause is validly included in the terms of the Parties' Lease nor argued that this Court should

---

[10] *Koval v. Peoples*, 431 A.2d 1284, 1286 (Del. Super. 1981) (emphasis added); *see Trader v. Jester*, 1 A.2d 609, 613 (Del. 1938) ("The rule is well established that the laws in force at the time and place of making the contract enter into, and form a part of it as if they had been expressly referred to, or incorporated in, its terms.  The *obligation of the contract* is measured by the *standard of the laws existing at the time* of the making of the contract.") (emphasis added); *Brooks v. Tex. Emp. Ins. Ass'n*, 358 S.W.2d 412, 415 (Tex. Civ. App. 1962) (citing *Bristow v. Nesbitt*, 280 S.W.2d 957, 959 (Tex. Civ. App. 1955) ("[I]t is evident that laws regulating venue are procedural in nature.").

[11] The Court also notes that a plain reading of § 15.0115 suggests, rather strongly, that is it is default *venue statute*.  Consequently, by its own terms, it concerns the geographic location within the forum, and not the forum itself, where a case, which was brought in Texas, may be tried.  *See Vak v. Matrix Solutions, Inc.*, 442 S.W.3d 553, 559-60 (Tex. App. 2014) (citing *Liu v. Cici Enters., L.P.*, 2007 WL 43816, at *2 (Tex. App. 2007) (holding that forum and venue are not synonymous, as "[f]orum pertains to the jurisdiction, generally a nation or State, where suit may be brought," while venue "concerns the geographic location within the forum where the case maybe tried").

[12] *See MPEG LA, L.L.C. v. Dell Global B.V.*, 2013 WL 812489, at *1 (Del. Ch. Mar. 6, 2013) (denying to apply NY procedural law to the underlying case because not inseparably interwoven with a party's substantive rights).

6

apply Texas procedural law or that the doctrine of *forum non conveniens* otherwise applies, venue is not improper.[13]

14. For the foregoing reasons, Defendant's Motion for Summary Judgment is **DENIED**.


**IT IS SO ORDERED.**

*/s/ Calvin L. Scott Jr.*
**Judge Calvin L. Scott, Jr.**

cc: Prothonotary

---

[13] For instance, though not argued by Block 142, a more difficult question to resolve would be whether the Parties intended that § 23.3 of the Lease incorporate § 15.0115 under its express language as a product of the Parties' bargaining process. *See Vak*, 442 S.W.3d at 559 ("In interpreting forum selection clauses, our primary goal is to give effect to the written expression of the parties' agreement.").