**REVERSE and REMAND and Opinion Filed August 25, 2021**



In The
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-20-00528-CV

**JAYCO HAWAII, INC., Appellant**
**V.**
**VIVA RAILINGS, LLC, Appellee**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-17238**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Goldstein
Opinion by Justice Goldstein

Appellant Jayco Hawaii, Inc. (Jayco) appeals from the trial court's order confirming an arbitration award in favor of appellee Viva Railings, LLC (Viva). Jayco contends that the trial court abused its discretion in failing to hold a hearing on Jayco's special appearance before hearing and granting Viva's motion to confirm the arbitration award. We agree. We reverse the trial court's order and remand for consideration of Jayco's special appearance. Because all issues in this appeal are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

# BACKGROUND

In April 2017, Jayco, a Hawaii corporation, and Viva, a Texas limited liability company, entered into a contract for the sale of materials related to a construction project in Hawaii. The contract has a mandatory-arbitration provision, which states:

> Any and all disputes concerning the Materials or this transaction shall be decided by binding ARBITRATION under the then current Construction Industry rules of the American Arbitration Association, with no joinder of or consolidation with claims concerning any other parties. Such arbitration shall be governed by Texas law, with venue in Dallas County, Texas.

After a dispute arose, Jayco initiated arbitration in Dallas County, and Viva counterclaimed. On final hearing, the arbitrator ruled in favor of Viva and awarded damages, costs, attorneys' fees, and interest.

On October 25, 2019, Viva initiated a lawsuit to confirm the arbitration award. Jayco filed a special appearance, arguing that it is not amenable to personal jurisdiction in Texas. On December 2, 2019, Jayco filed a notice of hearing on its special appearance, setting the hearing for February 24, 2020.

On December 4, 2019, Viva filed a motion to confirm the arbitration award. The following day, Viva filed a notice of hearing on the motion, which scheduled the hearing to take place on February 10, 2020—two weeks before Jayco's special appearance hearing. Jayco received notice of the hearing on the motion to confirm but did not respond to the motion or appear at the hearing. At the hearing on February

10, 2020, the trial court granted Viva's motion to confirm by written order.[1] The order adopted the arbitration award, awarded Viva attorneys' fees, and stated it was a final judgment disposing of all parties and claims. On March 10, 2020, Jayco filed its "Motion for New Trial Subject to Special Appearance."[2] On May 8, 2020, Jayco filed its notice of appeal.

## DISCUSSION

### I. Applicable Law

"To render a binding judgment, a court must have both subject matter jurisdiction over the controversy and personal jurisdiction over the parties." *Spir Star AG v. Kimich*, 310 S.W.3d 868, 871 (Tex. 2010). A party may challenge a trial court's jurisdiction over it by filing a special appearance—a sworn motion asserting that the court lacks personal jurisdiction—which may be filed without the movant submitting to the court's jurisdiction. *See* TEX. R. CIV. P. 120a(1). Rule 120a states that "[e]very appearance, prior to judgment, not in compliance with this rule is a general appearance." *Id.*; *see also Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 201 (Tex. 1985). Rule 120a requires strict compliance, and a non-resident defendant will be subject to personal jurisdiction in Texas courts if the defendant

---

[1] The order was signed by the Hon. Senior Judge Charles Stokes, sitting by assignment. *See* TEX. GOV'T CODE ANN. § 74.052.

[2] It appears from the record that the trial court did not rule on the motion for new trial, and the motion was therefore denied by operation of law. *See* TEX. R. CIV. P. 329b. Jayco does not appeal the denial of its motion for new trial. We therefore do not reach Viva's argument that the trial court did not err in denying Jayco's motion for new trial by operation of law.

enters a general appearance. *Klingenschmitt v. Weinstein*, 342 S.W.3d 131, 133 (Tex. App.—Dallas 2011, no pet.); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985) ("[T]he personal jurisdiction requirement is a waivable right."). A party enters a general appearance and waives a special appearance "when it (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court." *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004).

A special appearance must be filed "prior to a motion to transfer venue or any other plea, pleading or motion." TEX. R. CIV. P. 120a(1); *See also Trejo*, 142 S.W.3d at 305. ("[T]he plain language of Rule 120a requires only that a special appearance be filed before any other 'plea, pleading or motion.'") "This is sometimes referred to as the 'due-order-of-pleading' requirement." *Trejo*, 142 S.W.3d at 305. Coupled with the due-order-of-pleading requirement is a concomitant due-order-of-hearing requirement that a special appearance motion "shall be heard and determined before a motion to transfer venue or any other plea or pleading may be heard." TEX. R. CIV. P. 120a(2); *Klingenschmitt*, 342 S.W.3d at 133–34.

We review a trial court's failure to hold a hearing pursuant to rule 120a for abuse of discretion. *See IRN Realty Corp. v. Hernandez*, 300 S.W.3d 900, 903 (Tex. App.—Eastland 2009, no pet.) (concluding that the trial court abused its discretion in abating a special appearance hearing in favor of merits-based discovery). A trial

–4–

court abuses its discretion when it clearly fails to analyze or apply the law correctly. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

## II. Application of Law to Facts

Jayco contends that the trial court abused its discretion in ruling on Viva's motion to confirm the arbitrator's award before the scheduled hearing on Jayco's special appearance. We agree.

Jayco was entitled to have its special appearance adjudicated prior to any decision on the merits. *See* TEX. R. CIV. P. 120a(1); *see also In re Perl*, No. 05-20-00170-CV, 2020 WL 2847533, at *3 (Tex. App.—Dallas June 2, 2020, no pet.) (mem. op.) ("The party bringing the special appearance is entitled to have it heard and decided before any other pleading."). The rules of civil procedure give a trial court no discretion to hear a plea or pleading, including a motion to confirm an arbitration award, before hearing and determining a special appearance. *See* TEX. R. CIV. P. 120a; *see also* TEX. R. CIV. P. 84 ("[M]atters shall be heard in such order as may be directed by the court, *special appearance* and motion to transfer venue, and the practice thereunder *being excepted herefrom*.") (emphasis added); *see also In re H & R Block*, 159 S.W.3d 127, 131–32 (Tex. App.—Corpus Christi 2004, no pet.).

Viva argues that Jayco waived its special appearance by contractual consent, relying on *RSR Corp. v. Siegmund*, 309 S.W.3d 686, 704 (Tex. App.—Dallas 2010, no pet.), and *Vak v. Net Matrix Sols., Inc.*, 442 S.W.3d 553, 561 (Tex. App.—Houston [1st Dist.] 2014, no pet.). In *RSR Corp.*, we held that the trial court erred in

sustaining a Chilean company's special appearance because the company had consented to jurisdiction by entering into an agreement with a forum-selection clause specifying Dallas, Texas as the forum for any litigation arising from the agreement. *RSR Corp.*, 309 S.W.3d at 704.[3] In *Vak*, the First Court of Appeals affirmed the trial court's denial of a California resident's special appearance because his agreement with the plaintiff, a Houston software company, contained a venue provision selecting the courts of Harris County, Texas, as the exclusive venue for any disputes arising thereunder. *Vak*, 442 S.W.3d at 561.

Both *RSR Corp.* and *Vak* are inapposite because the trial courts heard and ruled on the respective foreign defendants' special appearances. *See RSR Corp.*, 309 S.W.3d at 697; *Vak*, 442 S.W.3d at 557. Neither involved the due-order-of-hearing rule, the sole issue here.

This case is more akin to *In re Stanton*, in which we held that the trial court abused its discretion in ordering "merits discovery during the pendency of the [defendant's] special appearance." *In re Stanton*, No. 05-17-00834-CV, 2017 WL 3634298, at *1 (Tex. App.—Dallas Aug. 24, 2017, no pet.) (mem. op.) ("The party bringing the special appearance is entitled to have it heard and decided before any other pleading."). Here, the trial court went beyond ordering discovery out of due

---

[3] *See also In re Fisher*, 433 S.W.3d 523, 532 (Tex. 2014) ("Objections to personal jurisdiction may be waived, so a litigant may consent to the personal jurisdiction of a court through a variety of legal arrangements.").

order: it granted a dispositive motion against Jayco during the pendency of Jayco's special appearance. *See also, e.g.*, *In re GM Oil Properties, Inc.*, No. 10-00001-CV, 2010 WL 2653279, at *3 (Tex. App.—Houston [1st Dist.] July 1, 2010, no pet.) (mem. op.) ("We conclude that the trial court abused its discretion when it determined that Wade's claims against GM Oil Properties and Moores are not subject to a valid arbitration agreement before determining the defendants' special appearances.").

Viva next contends that Jayco waived its special appearance by "previously avail[ing] itself of the jurisdiction of Texas Courts" pursuant to the Texas General Arbitration Act (TGAA).[4] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.001 *et seq.* Section 171.081 of the TGAA provides:

> The making of an agreement described by Section 171.001 that provides for or authorizes an arbitration in this state and to which that section applies confers jurisdiction on the court to enforce the agreement and to render judgment on an award under this chapter.

*Id.* § 171.081; *see also id.* § 171.001 (providing that written arbitration agreements are valid and enforceable in Texas). We interpret this provision to relate to the trial court's subject-matter jurisdiction. *See Thomas v. Cook*, 350 S.W.3d 382, 389 (Tex.

---

[4] Viva also argues that the trial court had jurisdiction to confirm the arbitration award under the Federal Arbitration Act (FAA). *See* 9 U.S.C. § 1 *et seq.* However, "[p]rocedural matters relating to the confirmation of arbitration awards in Texas courts are governed by Texas law even if the FAA supplies the substantive rules of decision." *Roehrs v. FSI Holdings, Inc.*, 246 S.W.3d 796, 804 (Tex. App.—Dallas 2008, pet. denied). The sole issue before us involves the due-order-of-hearing rule, which is a procedural matter. *See Brady v. Kane*, No. 05-18-01105-CV, 2020 WL 2029245, at *5 (Tex. App.—Dallas Apr. 28, 2020, no pet.) (mem. op.) (discussing the "procedural requirements" of Rule 120a, "including the due-order-of-pleading and due-order-of-hearing" provisions). Accordingly, the FAA does not apply. *See Roehrs*, 246 S.W.3d at 804.

App.—Houston [14th Dist.] 2011, pet. denied) (holding that the trial court lacked subject-matter jurisdiction under section 171.081 of the TGAA). Whether section 171.081 also confers personal jurisdiction on the trial court is an issue we need not decide today, because nothing in the TGAA authorizes a deviation from the due-order-of-hearing rule. On the contrary, the TGAA requires compliance with the Texas Rules of Civil Procedure. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.093 ("The court shall hear each initial and subsequent application under this subchapter in the manner and with the notice required by law or court rule for making and hearing a motion filed in a pending civil action in a district court.").

Whether a party has waived its challenge to personal jurisdiction is an issue to be decided by the trial court in connection with that party's special appearance. *See* TEX. R. CIV. P. 120a(1), (2). Absent a ruling by the trial court, we have no authority to determine the merits of Viva's waiver arguments. *See* TEX. R. APP. P. 33.1(a); *see also Wilson v. Chemco Chem. Co.*, 711 S.W.2d 265, 266 (Tex. App.—Dallas 1986, no writ) ("A special appearance not ruled upon by the trial court presents nothing for review."). The trial court's failure to consider the special appearance before ruling on Viva's motion to confirm was an abuse of discretion and reversible error. *See id.*; *see also Finlay v. Jones*, 435 S.W.2d 136, 139 (Tex. 1968) ("The two basic judicial decisions a trial judge must make before rendering and entering a default judgment are (1) that the court has jurisdiction of the subject matter and the parties to the suit, and (2) that, on the record, the case is ripe for the

judgment."); *K & S Interests, Inc. v. Tex. Am. Bank/Dalla*s, 749 S.W.2d 887, 890 (Tex. App.—Dallas 1988, writ denied) ("A court must notice, even *sua sponte*, the matter of its own jurisdiction, for jurisdiction is fundamental in nature and may not be ignored.").

Finally, Viva argues that Jayco's failure to secure the reporter's record prevents us from reviewing the proceedings on Viva's motion to confirm, and we must therefore presume the evidence submitted therein supports the judgment. Ordinarily, when a party fails to provide a reporter's record from the hearing, we presume the evidence presented supports the trial court's ruling. *Spin Doctor Golf, Inc. v. Paymentech, L.P.*, 296 S.W.3d 354, 359 n.1 (Tex. App.—Dallas 2009, pet. denied). That rule, however, is predicated on the reporter's record being "necessary to the appeal." *See id.*; Tex. R. App. P. 34.1 ("The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record."). The record of the hearing on Viva's motion to confirm is not necessary for this appeal. The issue is not whether the trial court correctly decided Viva's motion to confirm, but rather whether the trial court was authorized to make that determination out of due order. Accordingly, we decline to affirm the trial court's judgment on the grounds that Jayco failed to present a reporter's record for appeal.[5]

---

[5] To the extent Viva argues that the trial court properly denied Jayco's special appearance at the hearing on Viva's motion to confirm, we hold that doing so was an abuse of discretion. *See Bruneio v. Bruneio*, 890 S.W.2d 150, 154 (Tex. App.—Corpus Christi 1994, no writ) ("It is especially inappropriate to litigate the special appearance in connection with the trial of the matter, since there is a definite need for separation of the two procedures and determination of the question of personal jurisdiction first."). Additionally, the

## CONCLUSION

The trial court abused its discretion in holding a hearing and ruling on Viva's motion to confirm before affording Jayco an opportunity to be heard on its special appearance in due order. We sustain Jayco's sole issue, reverse the judgment of the trial court, and remand for proceedings consistent with this opinion.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

200528F.P05

---

record contains no notice to Jayco that its special appearance would be heard two weeks ahead of its scheduled hearing time, thus depriving Jayco the opportunity to put forth evidence in support of its special appearance. *See* TEX. R. CIV. P. 21(b) (requiring hearing notices); TEX. R. CIV. P. 120a(3) (parties' evidence related to special appearance must be served at least seven days before the hearing).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAYCO HAWAII, INC., Appellant

No. 05-20-00528-CV          V.

VIVA RAILINGS, LLC, Appellee

On Appeal from the 101st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-17238.
Opinion delivered by Justice
Goldstein. Chief Justice Burns and
Justice Molberg participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant JAYCO HAWAII, INC. recover its costs of this appeal from appellee VIVA RAILINGS, LLC.

Judgment entered this 25th day of August 2021.