**Affirmed and Opinion Filed November 16, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00468-CV**

**JAYCO HAWAII, INC., Appellant**
**V.**
**VIVA RAILINGS, LLC, Appellee**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-17238**

## MEMORANDUM OPINION

Before Justices Reichek,[1] Nowell, and Smith
Opinion by Justice Nowell

The trial court denied appellant Jayco Hawaii, Inc.'s special appearance. In two issues, it argues the trial court erred because the jurisdictional facts alleged by appellee Viva Railings, LLC are insufficient to establish that Jayco Hawaii is subject to personal jurisdiction in Texas. Because Jayco Hawaii signed a contract, which included an arbitration and forum selection clause designating venue in Dallas

---

[1] The Honorable Leslie Osborne was assigned to the original panel of this case; however, she resigned on October 24, 2022 prior to its submission. The Honorable Amanda Reichek has substituted for Justice Osborne in this cause. Justice Reichek has reviewed the briefs and the record before the Court.

County, Texas, Jayco Hawaii consented to jurisdiction in Texas. We affirm the trial court's order denying Jayco Hawaii's special appearance.

## Background

Jayco Hawaii is a corporation domiciled in Hawaii. Viva Railings is an architectural railing supplier. The two entities entered into a contract for a project in Hawaii called "16-121 Consolidated Car Rental Facility." The contract contained the following arbitration provision:

> Any and all disputes concerning the Material or the transaction shall be decided by binding ARBITRATION under the then current Construction Industry Rules of the American Arbitration Association, with no joinder of or the consolidation with claims concerning other parties. Such arbitration shall be governed by Texas law, with venue in Dallas County, Texas.

Disputes arose during the project, and Jayco Hawaii filed an arbitration demand with the Dallas Regional Office of the American Arbitration Association. In its demand, Jayco Hawaii acknowledged it entered into a valid arbitration agreement on April 26, 2017. It sought $173,285 in damages for breach of contract, along with attorney's fees, and arbitration costs.

The parties participated in arbitration in Dallas County from August 27, 2019, through August 30, 2019. On October 16, 2019, the arbitrator issued its arbitration award. It found Jayco Hawaii breached the supply contract and awarded Viva Railings $584,539.60 in damages, plus attorney's fees, and arbitration costs. The arbitrator denied Jayco Hawaii's claims in their entirety, including a subsequent

request to modify the arbitration award based on a computational error in the calculation of damages.

Viva Railings filed its original petition to confirm the arbitration award on October 25, 2019. On November 25, 2019, Jayco Hawaii filed its special appearance in which it argued, in part, (1) it was a nonresident of Texas with its principal place of business in Hawaii; (2) it had no facilities or employees in Texas; (3) it never performed any work in Texas or regularly conducted any business in Texas; and (4) it had no other purposeful contacts with the state. Jayco Hawaii asserted Viva Railings failed to allege any facts subjecting Jayco Hawaii to personal jurisdiction in Texas; therefore, it had no "minimum contacts" with the state, and exercise of jurisdiction would offend the traditional notion of "fair play and substantial justice." In support of its special appearance, Jayco Hawaii attached the affidavit of its president, Marc Delay.

Viva Railings subsequently filed its first amended original petition to confirm the arbitration award and a response to Jayco Hawaii's special appearance. In its amended petition, it included additional facts regarding the underlying arbitration proceeding and asserted that "[a]t no time before or during the arbitration proceeding, a proceeding Jayco had initiated, did Jayco contend that a Texas court could not confirm the arbitration award which Jayco was seeking, or that a Texas court lacked jurisdiction to confirm an arbitration award should the award be issued against Jayco." It further argued Jayco Hawaii consented to jurisdiction in Texas

–3–

under section 171.081 of the Texas Arbitration Act and section 9 of the Federal Arbitration Act.

Jayco Hawaii did not file an amended response addressing Viva Railings' additional facts regarding the arbitration or its argument Jayco Hawaii contractually consented to jurisdiction in Texas.

The trial court held a hearing on April 11, 2022. The trial court signed an order denying Jayco Hawaii's special appearance on April 28, 2022. This appeal followed.

**Standard of Review and Burdens of Proof**

Whether a trial court has personal jurisdiction over a nonresident defendant is a question of law we review de novo. *Old Republic Nat'l Title Ins. Co. v. Bell*, 549 S.W.3d 550, 558 (Tex. 2018); *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 414 S.W.3d 142, 150 (Tex. 2013). When, as here, jurisdictional facts are undisputed, we consider only the legal question of whether the undisputed facts establish Texas jurisdiction. *Bell*, 549 S.W.3d at 558.

A plaintiff and defendant bear shifting burdens of proof in a challenge to personal jurisdiction. *RSR Corp. v. Siegmund*, 309 S.W.3d 686, 699 (Tex. App.—Dallas 2010, no pet.). The plaintiff bears the initial burden of pleading jurisdictional facts sufficient to bring a nonresident defendant within the provisions of the Texas long-arm statute. *Id*. If the nonresident defendant challenges jurisdiction through a special appearance, then it bears the burden of negating all bases of personal

–4–

jurisdiction alleged by the plaintiff. *Id*. The nonresident defendant can negate jurisdiction on either a factual or legal basis. *Id*.

**Applicable Law and Analysis**

Texas courts may exercise personal jurisdiction over a nonresident defendant if (1) the Texas long-arm statute permits the exercise of jurisdiction; and (2) the assertion of jurisdiction is consistent with the federal and state constitutional due process guarantees. *Kelly v. Gen. Interior Constr., Inc*., 301 S.W.3d 653, 657 (Tex. 2010). Typically, review of a special appearance ruling requires an analysis of whether a defendant has purposefully established minimum contacts with Texas, giving rise to either specific or general jurisdiction over the defendant, and whether the assertion of jurisdiction comports with traditional notions of fair play and substantial justice. *Id*. However, if a party contractually consents to jurisdiction in a particular forum, then the due-process and minimum-contacts analysis is unnecessary. *See Guam Indus. Servs., Inc. v. Dresser-Rand Co.*, 514 S.W.3d 828, 833 (Tex. App.—Houston [1st Dist.] 2017, no pet.); *see also RSR Corp.*, 309 S.W.3d at 704 (application of long-arm statute and analysis of contacts with Texas unnecessary when agreement contained a consent-to-jurisdiction clause).

Both arbitration and venue clauses are types of forum selection clauses. *See, e.g.*, *Shrader & Assoc., L.L.P. v. Carrasco*, No. 01-19-00042-CV, 2019 WL 4615823, at *2 (Tex. App.—Houston [1st Dist.] Sept. 24, 2019, no pet.) (mem. op.); *Vak v. Net Matrix Sols., Inc.*, 442 S.W.3d 553, 562 (Tex. App.—Houston [1st Dist.]

–5–

2014, no pet.) (stating clauses providing for exclusive venue in a particular locale are treated as forum-selection clauses). Forum-selection clauses are contractual arrangements whereby parties agree in advance to submit their disputes for resolution within a particular jurisdiction. *RSR Corp.*, 309 S.W.3d at 700. In Texas, forum-selection clauses are generally considered valid and enforceable, unless enforcement is shown to be unreasonable and unjust. *Id.*

Here, neither party argued the arbitration clause was unreasonable and unjust. To the contrary, Jayco Hawaii filed an arbitration demand in Dallas County pursuant to the arbitration and forum-selection clauses. It participated in several days of arbitration in Dallas County and never challenged personal jurisdiction until *after* it received an adverse outcome. Jayco Hawaii contractually consented to jurisdiction in Texas. Accordingly, the due-process and minimum-contacts analysis is unnecessary. *Guam Indus. Servs., Inc.*, 514 S.W.3d at 833; *RSR Corp.*, 309 S.W.3d at 704.

In reaching this conclusion, we reject Jayco Hawaii's reliance on *Halliburton Energy Services, Inc. v. Ironshore Specialty Insurance Company*, 921 F.3d 522, 541 (5th Cir. 2019), which stands for the general proposition that an agreement to arbitrate in Texas does not necessarily constitute consent to the personal jurisdiction of Texas courts to adjudicate its claims. *Id.* Rather, "[w]hen a party agrees to arbitrate, it subjects itself to the court's jurisdiction for the limited purpose of compelling arbitration." *Id.*

In *Halliburton*, the defendant submitted to the court's power for the limited purpose of compelling arbitration but also filed motions challenging personal jurisdiction prior to arbitration. By "maintaining its personal jurisdiction motion to dismiss, [defendant] continued to object to the power of the court and did not waive its personal jurisdiction defense." *Id*. Here, Jayco Hawaii did not challenge personal jurisdiction prior to demanding, participating, and losing arbitration. Accordingly, its comparison is inapposite.

Jayco Hawaii has failed to negate the first basis of jurisdiction upon which the trial court's decision could have rested, namely the presence of a forum-selection clause. Accordingly, Jayco Hawaii has failed to demonstrate the trial court erred by denying its special appearance. We overrule its first issue and need not reach its second issue—that it does not have sufficient minimum contacts with Texas to confer personal jurisdiction. *See* TEX. R. APP. P. 47.1; *see also Vak*, 442 S.W.3d at 562.

## Conclusion

The trial court's order denying Jayco Hawaii's special appearance is affirmed.


220468f.p05

/Erin A. Nowell//
_____
ERIN A. NOWELL
JUSTICE

–7–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JAYCO HAWAII, INC., Appellant

No. 05-22-00468-CV          V.

VIVA RAILINGS, LLC, Appellee

On Appeal from the 101st Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-19-17238. Opinion delivered by Justice Nowell. Justices Reichek and Smith participating.

In accordance with this Court's opinion of this date, the trial court's order denying Jayco Hawaii's special appearance is **AFFIRMED**.

It is **ORDERED** that appellee VIVA RAILINGS, LLC recover its costs of this appeal from appellant JAYCO HAWAII, INC.

Judgment entered this 16th day of November 2022.